**STATE of Missouri, Plaintiff–Respondent,**

v.

**Stephen LANCASTER, Defendant–Appellant.**

No. 69991.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 14, 1997.

Robert E. Steele, Jr., St. Louis, for defendant–appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, III, Fernando Bermudez, Asst. Attys. Gen., Jefferson City, for plaintiff–respondent.

1. All statutory references are to RSMo 1994.

ROBERT G. DOWD, Jr., Presiding Judge.

Stephen Lancaster (Defendant) appeals from the judgment upon his conviction by a jury of four counts of forcible rape, Section 566.030, RSMo 1994[1], and twelve counts of forcible sodomy, Section 566.060, for which he was sentenced to sixteen consecutive terms of life imprisonment. Defendant claims, *inter alia*, that twelve of the counts are barred by the applicable statute of limitations and that he was denied his right to a fair trial because evidence of uncharged crimes was improperly admitted. We agree and reverse and remand for a new trial.

A detailed recitation of the facts is unnecessary. At trial, Victim, a member of Defendant's family, testified that Defendant repeatedly raped and sexually abused her from the time she was three until she was in her early twenties. The State introduced a police report indicating that, when confronted by a police officer, Defendant admitted having sexual contact with Victim from the time she was four until she was an adult. The report stated that Defendant claimed "she was willing most of the time." Also in the State's case-in-chief, two other female members of Defendant's family testified that they had been raped and sexually abused by Defendant.

Defendant also testified at trial. He stated that while in the state of Missouri he only had sex with Victim after she was an adult and only with her consent.

Defendant alleges and the State concedes that the first twelve counts against Defendant were barred by the applicable statute of limitations, Section 556.037. This section provides that "prosecutions for unlawful sexual offenses involving a person seventeen years of age or under must be commenced within ten years after commission of the offense." Counts one through twelve contain allegations of rape and sodomy between 1981 and 1983, years when the Victim was under the age of seventeen. Defendant was not indicted until May 13, 1994, more than ten years after the commission of the charged offenses. We therefore reverse Defendant's convictions on Counts one through twelve.

Defendant next claims that he is entitled to a new trial on the remaining counts, because the State introduced inadmissible evidence of his commission of uncharged crimes. We are constrained to agree. The State offered the testimony of two other women in Defendant's family who recounted numerous incidents of sexual abuse at the hands of Defendant. Defendant was not charged in connection with any of these incidents.

█ As a general rule, evidence of other similar crimes is not admissible to show a defendant has a propensity to commit crimes such as the crime charged. *State v. Conley,* 873 S.W.2d 233, 236 (Mo.banc 1994). However, such evidence may be admissible if it is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, and if the evidence is legally relevant, in that its probative value outweighs its prejudicial effect. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo.banc 1993). Generally, evidence of other, uncharged misconduct has a legitimate tendency to prove the specific crime charged when it "tends to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; [or] (5) the identity of the person charged with the commission of the crime on trial." *Id.* quoting *State v. Sladek,* 835 S.W.2d 308, 311 (Mo. banc 1992). If evidence of a prior crime is inadmissible under any of the exceptions to the general rule prohibiting its admission, then admission is presumed to be prejudicial. *State v. Brooks,* 810 S.W.2d 627, 634 (Mo. App. E.D.1991).

█ Here, the State contends that Defendant injected the issue of his intent into the case by claiming that he had consensual sex with Victim. The State relies upon *State v. Conley,* to argue that the testimony of other incidents of non-consensual sexual contact with other victims was introduced only to show that Defendant was acting with the requisite criminal intent and to rebut Defendant's assertion of consent. We find these arguments unpersuasive.

█ When the facts relied upon as the basis for the charge are such that, if the state's evidence was to be believed, a defendant is bound to know the nature and character of his acts, evidence of other offenses is not admissible to show intent, motive or guilty knowledge. *State v. Cutler,* 499 S.W.2d 387, 388 (Mo.1973), citing *State v. Atkinson,* 293 S.W.2d 941 (Mo.1956). Here, Victim testified that she would resist Defendant's abuse:

Q: Would you tell the jury what you did to keep him from touching you?

A: I would try not to get around him in the first place, would try to avoid him. And then—but I would push his hands away, and I would tell him no or I would try leaving the room.

Q: Did you physically try to stop him when he made these sexual advances to you?

A: Yes.

If this testimony, offered by the State, is believed, Defendant would have to know that his behavior was unwanted and that Victim did not consent.

The State's reliance on *Conley* for the admissibility of this evidence is misplaced. In *Conley,* the defendant was an employee of a boy's home who claimed that his physical contact with the victim was not done for purposes of sexual gratification, but instead was merely a wrestling technique known as a "genital hold." 873 S.W.2d at 236. The supreme court held that evidence of the use of this wrestling technique on other boys was relevant to show whether the defendant was acting innocently or for sexual gratification. The court found that it was arguable that the more often the defendant used such a technique, the more likely it was done for gratification. *Id.*

The instant case is distinguishable. The defendant's actions in *Conley* were plausibly innocent. The victim in *Conley* testified that the defendant would grab him while wrestling, leaving the question of defendant's intent at issue. It could be argued that he was only wrestling, and therefore acting without criminal intent. Here, if Victim's testimony is to be believed, Defendant could not have

been acting with her consent. The intent of Defendant established by Victim's testimony is unambiguous, and therefore no evidence of other similar crimes is admissible. As such, evidence of Defendant's abuse of other victims is not admissible to show that Defendant acted with the requisite criminal intent based upon Victim's lack of consent. Furthermore, evidence of lack of consent with another does not rebut the consent issue concerning this Victim. The State's evidence goes to show the propensity of Defendant to commit sex crimes against women, and thus is inadmissible.

Other issues were raised. However, because the issues discussed are dispositive of this appeal, they need not be reached. The judgment on each of the first twelve counts is reversed and the judgments on the last four counts (Counts XIII–XVI) are reversed and remanded for a new trial.

SIMON and HOFF, JJ., concur.