NO. 07-01-0267-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 21, 2002



______________________________




STEVE D. MCNEAL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99431348; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Steve D. McNeal was convicted of the offense of assault on a public
servant after a guilty plea pursuant to a plea bargain agreement, and was sentenced to
five years confinement in the Institutional Division of the Department of Criminal Justice. 
He challenges that conviction in three issues by contending that the trial court 1) erred in
not granting a hearing on his motion for new trial, 2) erred in ruling on the motions to
withdraw of two separate defense counsel without conducting a hearing, and (3) abused
its discretion in ordering appellant's sentence "to run concurrent with any other sentence." 
We affirm the judgment of the trial court.

 If an appeal is from a judgment rendered on a plea of guilty or nolo contendere and
the punishment assessed does not exceed that recommended by the prosecutor, the
notice must specify that the appeal is for a jurisdictional defect, the substance of the
appeal was raised by written motion and ruled on before trial, or state that the trial court
granted permission to appeal. Tex. R. App. P. 25.2(b)(3). In this instance, the record
shows that the judgment was rendered on a plea of guilty. Furthermore, the trial court
denied appellant permission to appeal. Although appellant originally filed only a general
notice of appeal, he subsequently filed an amended notice of appeal, in which he asserts
that the substance of the appeal was raised in part by written motion and ruled on prior to
trial and further raised on the trial court's denial of a hearing on appellant's motion for new
trial. 

 In his first issue, appellant complains that the trial court erred in not granting a
hearing on his motion for new trial. In that motion, appellant alleged his trial counsel was
ineffective, the trial court failed to rule on his pro se pretrial motions, he was affected by
not being present when the trial court ruled on the motions of his defense counsel to
withdraw, his plea was involuntary due to his mental state, and there was undue delay in
bringing him to trial. A motion for new trial is a prerequisite to presenting a point of error
on appeal when necessary to adduce facts not in the record. Tex. R. App. P. 21.2 
Sentence was imposed in open court on June 19, 2001. No motion for new trial was filed,
but appellant filed a timely general pro se notice of appeal and requested appointment of
counsel to represent him in that appeal. That request was denied by the trial court. By
order dated July 17, 2001, we abated the appeal back to the trial court in order that
counsel could be appointed to represent appellant. Counsel was appointed on July 24,
2001. A motion for new trial was then filed on August 16, 2001, and denied the same day. 

 A motion for new trial must be filed no later than 30 days after the date when the
trial court imposes or suspends sentence in open court. Tex. R. App. P. 21.4(a). It has
been held that the time for filing a motion for new trial is a critical stage of a proceeding
during which a defendant is entitled to assistance of counsel. Jack v. State, 42 S.W.3d
291, 292 (Tex.App.--Houston [1st Dist.] 2001, no pet.); Prudhomme v. State, 28 S.W.3d
114, 119 (Tex.App.--Texarkana 2000, no pet.). However, we have no authority to suspend
through Rule 2 of the Rules of Appellate Procedure the time period in which such a motion
must be filed. Oldham v. State, 977 S.W.2d 354, 360 (Tex.Crim.App. 1998), cert. denied,
525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999). Furthermore, a motion for new
trial is not a motion ruled on prior to trial such as to give this court jurisdiction through
appellant's notice of appeal. 

 Additionally, whether to grant a motion for new trial is within the discretion of the
trial court, and the trial court's decision will not be disturbed unless the court acted
arbitrarily or unreasonably. Lincicome v. State, 3 S.W.3d 644, 646 (Tex.App.--Amarillo
1999, no pet.). (1) When an accused presents a motion for new trial raising matters not
determinable from the record which could entitle him to relief, the trial judge abuses his
discretion in failing to hold an evidentiary hearing if the motion is supported by affidavit
specifically showing the truth of the grounds of attack. King v. State, 29 S.W.3d 556, 569
(Tex.Crim.App. 2000). However, the trial court does not abuse its discretion in failing to
hold a hearing when the affidavit is conclusory in nature. Jordan v. State, 883 S.W.2d
664, 665 (Tex.Crim.App. 1994). Here, appellant provided no affidavits supporting the
allegations in his motion for new trial. Therefore, the trial court could not have abused its
discretion in denying appellant a hearing. Appellant's first issue is overruled. 

 In his second issue, appellant complains the trial court erred in ruling on the
motions to withdraw of two defense counsel without conducting a hearing in his presence. 
The record shows that appellant was represented by three different defense counsel
during the trial court proceedings. Appellant, who was incarcerated at the time of his
offense, was initially represented by an attorney working for the staff of the Texas Board
of Criminal Justice. By affidavit dated July 24, 2000, appellant expressed his
dissatisfaction with his appointed counsel and requested the court to appoint him other
counsel. On the same date, appellant filed an affidavit of inability to employ counsel, and
the court appointed Vince Martinez to represent him on July 27, 2000. A motion to
withdraw was filed on November 20, 2000, by the Texas Department of Criminal Justice
requesting to withdraw from representation because appellant had "retained a free-world
attorney to represent him." A second identical motion was also filed on February 28, 2000. 
The motion was granted on March 7, 2001. 

 By March 13, 2001, appellant had filed two complaints against Vince Martinez with
the court, one dated January 10, 2001, and one dated February 16, 2001, alleging that his
counsel had failed to file a number of motions sent by appellant, including a motion for
discovery, motion for bond reduction, motion to disclose, a motion to set aside the
indictment, and a motion for fair and impartial trial and had failed to interview him and his
witnesses, examine the physical evidence, serve subpoenas, gather information significant
to the case, prepare reports, perform legal research, advise him on the strengths and
weaknesses of the case, and give an opinion as to the fairness of a plea offer. (2) Appellant
also filed a declaration of conflict between attorney and client and requested substitution
of other counsel in place of Martinez. By order dated May 21, 2001, the court appointed
Dwight McDonald to represent appellant, and on May 25, 2001, accepted the withdrawal
of Martinez. 

 Appellant now argues that he was harmed because the trial court failed to hold
hearings in his presence on his requests for substitution of counsel as required by article
28.01 of the Code of Criminal Procedure. Article 28.01 provides:

 

 Sec. 1. The court may set any criminal case for a pre-trial hearing before it
is set for trial upon its merits, and direct the defendant and his attorney, if
any of record, and the State's attorney, to appear before the court at the time
and place stated in the court's order for a conference and hearing. The
defendant must be present at the arraignment, and his presence is required
during any pre-trial proceeding. The pre-trial hearing shall be to determine
any of the following matters:


 (1) Arraignment of the defendant, if such be necessary; and appointment of
counsel to represent the defendant, if such be necessary; . . . .


Tex. Code Crim. Proc. Ann. art. 28.01 § 1(1) (Vernon 1989). Appellant has not pointed
us to anywhere in the record where he sought a hearing on his requests for new counsel. 
Therefore, we question whether the substance of appellant's complaint was raised by
written motion prior to trial and ruled on by the court. However, in one pro se document,
appellant did make reference to the fact that the court had not held a hearing on his
request that Martinez be replaced. To the extent that it might be said that such a
statement in the record supports appellant's notice of appeal that the complaint was raised
by written motion prior to trial, we will for the sake of argument discuss the merits of
appellant's complaint.

 In Malcolm v. State, 628 S.W.2d 790 (Tex.Crim.App. 1982), the court held that no
"proceeding" as contemplated by article 28.01 had taken place so as to require the
defendant's presence when there was no written order, but only a notation on a docket
sheet saying that a motion had been overruled. Id. at 792. In the order appointing
Martinez to represent appellant, it recited that appellant had that day been brought before
the court and made an affidavit of inability to employ counsel, as well as indicated his
desire to have counsel appointed to represent him. Thus, there is nothing in the record
to indicate appellant was not present at the time of that appointment. The order appointing
Dwight McDonald to represent appellant recited only that appellant had made known to
the court that he desired to be represented by counsel and that he was too poor to employ
counsel. Several days later, the court entered an order which substituted McDonald for 
Martinez. That order recites that the matter came on for hearing; however, there is no
indication whether the court actually held a hearing, and there are no transcripts of any
hearing that may have been held. Thus, the record seems to indicate that a proceeding
within the contemplation of article 38.08 may not have occurred.

 Even if such a proceeding did take place, appellant does not contend that the trial
court erred in granting his requests for new counsel, only that a hearing should have been
held on those requests and he should have been present. The State concedes that,
according to Melendez v. State, 895 S.W.2d 714 (Tex.App.--Corpus Christi 1994, no pet.),
and United States v. Young, 482 F.2d 993 (5th Cir. 1973), reversible error generally occurs
when a defendant voices a substantial complaint about counsel and the judge fails to make
an inquiry into the matter. However, in both of those cases, the court refused to grant the
appointment of new counsel. In this instance, new counsel was appointed, and appellant
asserts that he was harmed because the effect of such action on his defense was not
considered. Since appellant does not explicate what the adverse effect was, if any, on his
defense as a result of the court granting his requests without a hearing, and since
appellant obtained the relief he requested, we fail to see how he was harmed by the trial
court's action. See Tex. R. App. P. 44.2; Adanandus v. State, 866 S.W.2d 210, 220
(Tex.Crim. App. 1993), cert. denied, 510 U.S. 1215, 114 S.Ct. 1338, 127 L.Ed.2d 686
(1994); Malcolm, 628 S.W.2d at 792. Appellant's second issue is overruled.

 In his last issue, appellant contends by way of a supplemental brief that the trial
court abused its discretion in ordering his sentence "to run concurrent with any other
sentence." Appellant bases his argument on article 42.08 of the Code of Criminal
Procedure, which provides:

 (b) If a defendant is sentenced for an offense committed while the defendant
was an inmate in the institutional division of the Texas Department of
Criminal Justice and the defendant has not completed the sentence he was
serving at the time of the offense, the judge shall order the sentence for the
subsequent offense to commence immediately on completion of the
sentence for the original offense.


Tex. Code Crim. Proc. Ann. art. 42.08(b) (Vernon Supp. 2002). Appellant argues that
because the court had no discretion to run the sentences concurrently, the plea agreement
was incapable of being performed, and the judgment must be set aside. Attached to
appellant's supplemental brief is an affidavit from his trial counsel stating that a specific
term of the plea bargain was that his sentence would run concurrent with any other
sentences. Further, appellant argues that his right of appeal on this issue is not limited
because the punishment which must be assessed (i.e., stacking of the sentences) exceeds
that recommended by the State (i.e., concurrent sentences). 

 The record contains a "Statement of Plea Bargain" signed by appellant's trial
counsel, which shows the plea bargain to have been five years in the Institutional Division
of the Texas Department of Criminal Justice, plus $247.25 in court costs. There is no
indication in that document that the sentences were to run concurrent. Further, the
judgment originally showed that, as part of the plea bargain, the sentence was to run
consecutively with Cause No. 87-406,716, although that provision was later deleted by the
trial court after accepting appellant's plea. It is also undisputed that appellant was
incarcerated for another offense at the time he assaulted a correctional officer. The
assault offense was enhanced by three prior convictions. The following discussion took
place at the hearing during which appellant pled guilty:

* * *


 THE COURT: And do you understand the plea agreement in this case to be
that upon a plea to this case, the State would recommend that you would be
sentenced to five years in the Texas Department of Corrections?


 THE DEFENDANT: Yes, sir.


 THE COURT: Okay. Let me clear this up. The State is waiving the
enhancement paragraph?


 MS. NORRIS: We are waiving them all, Your Honor.


 THE COURT: And the plea agreement indicated that this is to run
consecutively with Cause Number 87-406,716.


 MS. NORRIS: I am sorry, Your Honor. I didn't see the plea papers. He
served that.


 MR. MCDONALD: That is the one he is discharged on.


 MS. NORRIS: He discharged it totally. And he has 843 days credit, Your
Honor. That includes time he spent in TDC being held on these charges.


 THE COURT: What I am going to do is on the judgment on the last
paragraph, it indicates that the sentences run consecutive with that other
cause number. The Court is going to mark that out and put in here that if he
has any other sentences, that this sentence is to run concurrent.


 MR. MCDONALD: Okay. 


 THE COURT: You said he had how many days of jail credit?


 MS. NORRIS: From February the 25th,1999, which was 843 days, Your
Honor.


 THE COURT: Is that your understanding of your jail credit, Mr. McNeal?


 THE DEFENDANT: Yes, sir, February 25, 1999.


 THE COURT: And is that the attorney's understanding of the plea
agreement in this case?


 MR. MCDONALD: It is, Your Honor. 


* * *



Therefore, in two places in the judgment, the court deleted that portion which indicated the
sentences were to run consecutively and wrote "this sentence is to run concurrent with any
other sentence." (3) 

 A trial court has no discretion to order sentences for offenses committed while a
defendant is incarcerated to run concurrently, Resanovich v. State, 906 S.W.2d 40, 42
(Tex.Crim.App. 1995), and the parties cannot agree to a punishment that is not authorized
by law. Ex parte Sims, 868 S.W.2d 803, 804 (Tex.Crim.App. 1993), overruled on other
grounds by Ex parte McJunkins, 954 S.W.2d 29 (Tex.Crim.App. 1997). However, even
if the court was not authorized to provide that any other sentences would run concurrent
with the assault charge, there is no evidence in the record that appellant was actually
serving any other sentences. In fact, at the time of the plea, the record shows that
appellant had finished serving his sentence for commission of the offense for which he was
in prison at the time of his assault on the correctional officer. The trial court, the attorneys,
and appellant all appear to have agreed that he was not serving any other sentences.
Therefore, there has been no showing that the provision added by the court to the
judgment had the effect of ordering the sentences to be served concurrently. Appellant's
third issue is overruled.

 In summary, we have found no reversible error and affirm the judgment of the trial
court. We also note that, in a prior opinion of this court, we delayed a ruling on appellant's
counsel's motion to withdraw pending our determination of this matter on the merits. 
Therefore, at this time, we hereby grant counsel's motion to withdraw. 


 John T. Boyd

 Chief Justice


Do not publish.
1. Appellant signed a waiver of his right to file a motion for new trial; however, to the
extent that it can be said that such a waiver was not knowing and voluntary due to the
issue raised as to his competency, we will discuss the motion for new trial as if such a
waiver had not been signed.
2. Appellant had previously filed a pro se motion for discovery and application for writ
of habeas corpus seeking a bond reduction. 
3. The court failed to delete one other sentence in the judgment, which stated that the
sentence was to be served consecutively with that in Cause No. 87-406,716.



so-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;
 mso-bidi-language:EN-US;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-09-0243.cv%202opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-09-0243.cv%202opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-09-0243.cv%202opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-09-0243.cv%202opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-09-0243.cv%202opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
 /* List Definitions */
 @list l0
 {mso-list-id:117385123;
 mso-list-type:hybrid;
 mso-list-template-ids:-1720186840 -1423246814 67698713 67698715 67698703 67698713 67698715 67698703 67698713 67698715;}
@list l0:level1
 {mso-level-number-format:alpha-lower;
 mso-level-text:"\(%1\)";
 mso-level-tab-stop:none;
 mso-level-number-position:left;
 margin-left:.75in;
 text-indent:-.25in;}
@list l0:level2
 {mso-level-number-format:alpha-lower;
 mso-level-tab-stop:none;
 mso-level-number-position:left;
 margin-left:1.25in;
 text-indent:-.25in;}
ol
 {margin-bottom:0in;}
ul
 {margin-bottom:0in;}
-->








NO. 07-09-0243-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



AUGUST
4, 2010

 



 

DARYL LONG and NICOLE LONG,  

 

                                                                                         Appellants


v.

 

CIBOLO LIVERY STABLES, INC. and

TROY TREY S. MARTIN, III,  

 

                                                                                         Appellees

_____________________________

 

FROM THE 433RD DISTRICT COURT OF COMAL
COUNTY;

 

NO. 2008-280D; HONORABLE DIBRELL
DIB WALDRIP, PRESIDING

 



 

Memorandum
Opinion

 



 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Daryl Long
and his wife Nicole Long (the Longs) sued Cibolo Livery Stables, Inc. (Cibolo)
and Troy Trey S. Martin, III, (Martin) for personal injuries received by
Daryl when he attended a rodeo.  The
rodeo was held on property that Martin owned. 
Several summary judgments were granted in favor of Cibolo and
Martin.  The Longs complain about that on
appeal.  We will affirm the courts
decisions and its final judgment for the reasons discussed below.

            Background

            Martin owns fifty-three acres in
Comal County which he developed as a horse business.  In 1998, he formed Cibolo as a corporation to
conduct all horse-related business on the property.  Eventually, he leased the fifty-three acres
to Cibolo, and the latter eventually leased them to Yancey James (James) to produce
events on the property.  One such event
was a rodeo held on March 4, 2006, which Daryl attended.  Seated on a four-bench bleacher without side
railing and having drunk several beers, he allegedly leaned to the side to
spit, lost his balance, and fell.  This purportedly
resulted in a leg injury.  The trial
court granted final summary judgment against him, however, after he sued Cibolo
and Martin.      

            Standard of Review

            The standards by which we review both
traditional and no-evidence motions for summary judgment are discussed in Western Invs., Inc. v. Urena, 162 S.W.3d
547, 550 (Tex. 2005).  When the summary judgment does not specify
the grounds upon which it was granted, it may be affirmed on any ground in the
motion that is meritorious.  Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 216 (Tex. 2003). 

            Premises and Products Liability

            Martin and Cibolo initially sought a
traditional summary judgment on the basis that they owed no duty to the
Longs.  Their supplemental motion,
however, interjected an allegation that there was no evidence supporting any
element of that claim or the one sounding in products liability.  The Longs do not contest that allegation in
their appellate brief by arguing that such evidence does indeed exist.  Rather, they seek reversal on the basis that
the supplemental motion for summary judgment was untimely and that granting it
was premature.  In particular, they aver
that the trial court should not have heard it on August 28, 2008, because 1) the
date fell within twenty-one days of the day the
motion was filed and 2) it should have granted a continuance enabling the Longs
to conduct discovery.  We overrule both
contentions.

            Timeliness of Hearing

            According to
the Texas Rules of Civil Procedure, a motion for summary judgment shall be
filed and served at least twenty-one days before the hearing.  Tex.
R. Civ. P. 166a(c).  Per this
provision, the Texas Supreme Court has held that the hearing may be set as
early as the twenty-first day after the motion is served by hand or twenty-four
days if served by mail.  Lewis v. Blake, 876 S.W.2d 314, 316
(Tex. 1994).  The Longs do not deny that
a copy of the supplemental motion for summary judgment was hand delivered to
them on August 7, 2008, as disclosed by the certificate of service.[1]  Nor do they deny that the original was mailed
to the district clerk on that same date. 
Rather, they contend that because it was filed marked on August 11,
2008, the trial court could not have heard the supplemental motion on the day it
did.  This is so, they continue, because
there are less than twenty-one days between August 11th and the 28th.  Yet, as previously mentioned, the Supreme
Court authorized the hearing to occur on the twenty-first day after service of the motion, if the motion was
hand delivered, and here, the twenty-first day is August 28th.  

            We further
note the absence of any allegation by the Longs that they did not have notice
of the August 28th hearing date when the motion was hand delivered to them on
August 7th.  Indeed, the motion itself
would belie any such contention, had it been made, since it also disclosed the
hearing date.  So, this aspect of their
issue is overruled.

            As for the
continuance, the Longs posit that they lacked adequate time for discovery, as
required by Texas Rule of Civil Procedure 166a(i), and the trial court was
wrong in not according it to them.  We
overrule this contention as well.

            Whether to
grant a continuance lies within the trial courts discretion.  Draker
v. Schreiber, 271 S.W.3d 318, 325 (Tex. App.San
Antonio 2008, no pet.).  So, we cannot
alter that decision unless it failed to comport with controlling rules and
principles.  See id.  One such rule obligates
the movant to illustrate the need for the postponement through an affidavit or
verified motion.  Triad Home Renovators v. Dickey, 15 S.W.3d 142, 145 (Tex. App.Houston [14th Dist.] 2000, no pet.).  And, if the movant seeks time to conduct
further discovery, another rule mandates that he specify the discovery sought
and explain its materiality.  See Lee v. Haynes & Boone, L.L.P.,
129 S.W.3d 192, 198 (Tex. App.Dallas 2004, pet.
denied).  So too must he address the
topic of diligence and illustrate that he has exercised it viz obtaining the discovery in question.  Landers
v. State Farm Lloyds, 257 S.W.3d 740, 747 (Tex. App.Houston [1st Dist.] 2008, no pet.).  And, while a litigant normally has the right
to conduct discovery after suit is filed, the trial court is nonetheless
entitled to presume that plantiffs, such as the Longs, investigated the
legitimacy of their claims before pursuing them.  Levinthal
v. Kelsey-Seybold Clinic, P.A.,
902 S.W.2d 508, 511 (Tex. App.Houston [1st
Dist.] 1994, no writ).  With that said,
we turn to the record before us.

            The suit was
filed on March 3, 2008.  The defendants
initial summary judgment motion (the traditional one) was filed three months
later on June 8th.  Martin and Cibolo then
filed a supplement on August 7th alleging that their opponents had no evidence
supporting their claims, and a hearing on it as well as the original was
scheduled for and held on August 28th. 
From this we see that the suit was slightly older than five months when
the hearing convened.  While that may
seem to be a rather short period of time, the Longs nonetheless acknowledged
that the case [was] not complex in their response to the motion.  Furthermore, they had approximately two years
between the date of the incident and filing suit to investigate the legal and
factual basis for a suit.  And, though
the Longs attested that they needed more time to find an expert who could opine
about whether the bleachers at issue were unreasonably defective, it would seem
as though the aforementioned two-year period would have provided them ample
opportunity to begin that quest.  Indeed,
by signing the original petition, both counsel and client represented that they
not only read the document but also that it was not groundless to the best of
their knowledge, information, and belief formed after reasonable inquiry . . . . 
Tex. R. Civ. P. 13
(emphasis added).  Why they had not used
the two-year period before suit to find witnesses supporting such elemental
aspects of their choses-in-action was not explained below or here.  

            We do note
that effort was made to show why the requisite expert testimony was not secured
during the period between suit and summary judgment.  Yet, that explanation is less than
compelling.  For instance, they assert
that they were busy responding to extensive discovery, but what that
discovery was and why it was considered extensive went undisclosed.  More importantly, the information before us
could reasonably be interpreted as controverting the proposition.  Indeed, in May of 2008, one defendant moved
to compel them to reply to his requests for disclosure.  Such a motion hardly supports the notion that
the Longs were busy completing discovery. 
And, as for their being entangled in depositions, it appears that the
only one  which we know of was taken in
July of 2008, after the initial motion for summary judgment was filed.  

            So too does
the record tend to belie the representation that the Longs had not known of
the immediate need to obtain an expert to opine on the defective and dangerous
nature of the bleachers prior to the filing of the no evidence motion for
summary judgment.  Given that answers to
questions regarding the defective design and dangerousness of an item most
likely lay outside the realm of general knowledge, it would seem rather basic
that an expert would be needed to opine on those topics.  And, to the extent that the Longs and their
counsel certified, per Texas Rule of Civil Procedure 13, that they made reasonable
inquiry into the legitimacy of their claims, it is somewhat difficult to
accept that they believed they had no need to contact or secure an expert to
address a pivotal aspect of their claim before the no-evidence motion was
filed.         

            Simply put,
the trial court could well have extended the Longs further opportunity to
conduct the discovery.  But, we cannot
say that it abused its discretion in refusing to do so in view of the
circumstances of record.  Thus, we
overrule the issue.  This, in turn,
leaves us with no choice but to affirm the no-evidence summary judgment on the
claims of premises and product liability. 
Again, the Longs did not attack it substantively but only asserted
procedural grounds for securing a reversal, and we have shown why those
procedural grounds are deficient.

§359 of the
Restatement of Torts

Finally, we will address the applicability
of §359 of the Restatement of Torts to the case at bar.  That provision was invoked through an amended
petition filed in preparation for the August 28th hearing.   Furthermore, it states that:

A lessor who leases land for a
purpose which involves the admission of the public is subject to liability for
physical harm caused to persons who enter the land for that purpose by a
condition of the land existing when the lessee takes possession, if the lessor

 

(a)  knows or by the exercise of
reasonable care could discover that the condition involves an unreasonable risk
of harm to such persons, and

 

(b)  has reason to expect that the lessee
will admit them before the land is put in safe condition for their reception,
and 

 

(c)  fails to exercise reasonable care to
discover or remedy the condition, or otherwise to protect such persons against
it. 

 

 

Restatement (Second) of Torts §359 (1965).  The Longs recognize, as do the Martins and
Cibolo, that this section of the Restatement has yet to be adopted as the law
of Texas by the Supreme Court.  Indeed,
the latter expressly postponed considering the matter until a later date.  Johnson
County Sheriffs Posse v. Endsley, 926 S.W.2d 284, 286 (Tex. 1996).  Nonetheless, we are invited to complete what
the Supreme Court postponed.  That is a
gracious invitation which we decline.  

            As judges,
it is our duty to interpret, not create, law for the State of Texas.  See
Slaughter v. State, 110 S.W.3d 500, 502 (Tex. App.Waco 2003, pet. dismd).  The latter is
left to the Texas Legislature.   Should
it deign to adopt the section as controlling in Texas, we will abide by the
decision.  Until then, we, like the litigants
at bar, will continue to recognize that §359 of the Restatement is inapplicable
and overrule the issue.

Having no need to address the remaining
argument posed by the Longs, we affirm the trial courts final judgment. 

 

                                                                        Brian
Quinn

                                                                        Chief
Justice      

                  

               

 











[1]The
certificate of service is prima facie evidence of the fact of service.  Tex.
R. Civ. P. 21a; Davis v. West, No. 01-08-01006-CV, 2009 Tex. App. Lexis  9921 at *27 (Tex. App.Houston
[1st Dist.] December 31, 2009, no pet.).  Moreover, the Longs do not contend that they
did not receive the motion for summary judgment with attachments on August 7,
2008, that is, twenty-one days before the hearing.