NO. 07-01-0267-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 21, 2002

_____

STEVE D. MCNEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99431348; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Steve D. McNeal was convicted of the offense of assault on a public servant after a guilty plea pursuant to a plea bargain agreement, and was sentenced to five years confinement in the Institutional Division of the Department of Criminal Justice. He challenges that conviction in three issues by contending that the trial court 1) erred in not granting a hearing on his motion for new trial, 2) erred in ruling on the motions to

withdraw of two separate defense counsel without conducting a hearing, and (3) abused its discretion in ordering appellant's sentence "to run concurrent with any other sentence." We affirm the judgment of the trial court.

If an appeal is from a judgment rendered on a plea of guilty or nolo contendere and the punishment assessed does not exceed that recommended by the prosecutor, the notice must specify that the appeal is for a jurisdictional defect, the substance of the appeal was raised by written motion and ruled on before trial, or state that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). In this instance, the record shows that the judgment was rendered on a plea of guilty. Furthermore, the trial court denied appellant permission to appeal. Although appellant originally filed only a general notice of appeal, he subsequently filed an amended notice of appeal, in which he asserts that the substance of the appeal was raised in part by written motion and ruled on prior to trial and further raised on the trial court's denial of a hearing on appellant's motion for new trial.

In his first issue, appellant complains that the trial court erred in not granting a hearing on his motion for new trial. In that motion, appellant alleged his trial counsel was ineffective, the trial court failed to rule on his pro se pretrial motions, he was affected by not being present when the trial court ruled on the motions of his defense counsel to withdraw, his plea was involuntary due to his mental state, and there was undue delay in bringing him to trial. A motion for new trial is a prerequisite to presenting a point of error

on appeal when necessary to adduce facts not in the record. Tex. R. App. P. 21.2 Sentence was imposed in open court on June 19, 2001. No motion for new trial was filed, but appellant filed a timely general pro se notice of appeal and requested appointment of counsel to represent him in that appeal. That request was denied by the trial court. By order dated July 17, 2001, we abated the appeal back to the trial court in order that counsel could be appointed to represent appellant. Counsel was appointed on July 24, 2001. A motion for new trial was then filed on August 16, 2001, and denied the same day.

A motion for new trial must be filed no later than 30 days after the date when the trial court imposes or suspends sentence in open court. Tex. R. App. P. 21.4(a). It has been held that the time for filing a motion for new trial is a critical stage of a proceeding during which a defendant is entitled to assistance of counsel. *Jack v. State,* 42 S.W.3d 291, 292 (Tex.App.--Houston [1st Dist.] 2001, no pet.); *Prudhomme v. State*, 28 S.W.3d 114, 119 (Tex.App.--Texarkana 2000, no pet.). However, we have no authority to suspend through Rule 2 of the Rules of Appellate Procedure the time period in which such a motion must be filed. *Oldham v. State*, 977 S.W.2d 354, 360 (Tex.Crim.App. 1998), *cert. denied,* 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999). Furthermore, a motion for new trial is not a motion ruled on prior to trial such as to give this court jurisdiction through appellant's notice of appeal.

Additionally, whether to grant a motion for new trial is within the discretion of the trial court, and the trial court's decision will not be disturbed unless the court acted

3

arbitrarily or unreasonably. *Lincicome v. State*, 3 S.W.3d 644, 646 (Tex.App.--Amarillo 1999, no pet.).[1] When an accused presents a motion for new trial raising matters not determinable from the record which could entitle him to relief, the trial judge abuses his discretion in failing to hold an evidentiary hearing if the motion is supported by affidavit specifically showing the truth of the grounds of attack. *King v. State*, 29 S.W.3d 556, 569 (Tex.Crim.App. 2000). However, the trial court does not abuse its discretion in failing to hold a hearing when the affidavit is conclusory in nature. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). Here, appellant provided no affidavits supporting the allegations in his motion for new trial. Therefore, the trial court could not have abused its discretion in denying appellant a hearing. Appellant's first issue is overruled.

In his second issue, appellant complains the trial court erred in ruling on the motions to withdraw of two defense counsel without conducting a hearing in his presence. The record shows that appellant was represented by three different defense counsel during the trial court proceedings. Appellant, who was incarcerated at the time of his offense, was initially represented by an attorney working for the staff of the Texas Board of Criminal Justice. By affidavit dated July 24, 2000, appellant expressed his dissatisfaction with his appointed counsel and requested the court to appoint him other counsel. On the same date, appellant filed an affidavit of inability to employ counsel, and

---

[1]Appellant signed a waiver of his right to file a motion for new trial; however, to the extent that it can be said that such a waiver was not knowing and voluntary due to the issue raised as to his competency, we will discuss the motion for new trial as if such a waiver had not been signed.

4

the court appointed Vince Martinez to represent him on July 27, 2000. A motion to withdraw was filed on November 20, 2000, by the Texas Department of Criminal Justice requesting to withdraw from representation because appellant had "retained a free-world attorney to represent him." A second identical motion was also filed on February 28, 2000. The motion was granted on March 7, 2001.

By March 13, 2001, appellant had filed two complaints against Vince Martinez with the court, one dated January 10, 2001, and one dated February 16, 2001, alleging that his counsel had failed to file a number of motions sent by appellant, including a motion for discovery, motion for bond reduction, motion to disclose, a motion to set aside the indictment, and a motion for fair and impartial trial and had failed to interview him and his witnesses, examine the physical evidence, serve subpoenas, gather information significant to the case, prepare reports, perform legal research, advise him on the strengths and weaknesses of the case, and give an opinion as to the fairness of a plea offer.[2] Appellant also filed a declaration of conflict between attorney and client and requested substitution of other counsel in place of Martinez. By order dated May 21, 2001, the court appointed Dwight McDonald to represent appellant, and on May 25, 2001, accepted the withdrawal of Martinez.

---

[2]Appellant had previously filed a pro se motion for discovery and application for writ of habeas corpus seeking a bond reduction.

Appellant now argues that he was harmed because the trial court failed to hold hearings in his presence on his requests for substitution of counsel as required by article 28.01 of the Code of Criminal Procedure. Article 28.01 provides:

> Sec. 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters:
>
> (1) Arraignment of the defendant, if such be necessary; and appointment of counsel to represent the defendant, if such be necessary; . . . .

Tex. Code Crim. Proc. Ann. art. 28.01 § 1(1) (Vernon 1989). Appellant has not pointed us to anywhere in the record where he sought a hearing on his requests for new counsel. Therefore, we question whether the substance of appellant's complaint was raised by written motion prior to trial and ruled on by the court. However, in one pro se document, appellant did make reference to the fact that the court had not held a hearing on his request that Martinez be replaced. To the extent that it might be said that such a statement in the record supports appellant's notice of appeal that the complaint was raised by written motion prior to trial, we will for the sake of argument discuss the merits of appellant's complaint.

In *Malcolm v. State*, 628 S.W.2d 790 (Tex.Crim.App. 1982), the court held that no "proceeding" as contemplated by article 28.01 had taken place so as to require the

6

defendant's presence when there was no written order, but only a notation on a docket sheet saying that a motion had been overruled. *Id.* at 792. In the order appointing Martinez to represent appellant, it recited that appellant had that day been brought before the court and made an affidavit of inability to employ counsel, as well as indicated his desire to have counsel appointed to represent him. Thus, there is nothing in the record to indicate appellant was not present at the time of that appointment. The order appointing Dwight McDonald to represent appellant recited only that appellant had made known to the court that he desired to be represented by counsel and that he was too poor to employ counsel. Several days later, the court entered an order which substituted McDonald for Martinez. That order recites that the matter came on for hearing; however, there is no indication whether the court actually held a hearing, and there are no transcripts of any hearing that may have been held. Thus, the record seems to indicate that a proceeding within the contemplation of article 38.08 may not have occurred.

Even if such a proceeding did take place, appellant does not contend that the trial court erred in granting his requests for new counsel, only that a hearing should have been held on those requests and he should have been present. The State concedes that, according to *Melendez v. State*, 895 S.W.2d 714 (Tex.App.--Corpus Christi 1994, no pet.), and *United States v. Young*, 482 F.2d 993 (5th Cir. 1973), reversible error generally occurs when a defendant voices a substantial complaint about counsel and the judge fails to make an inquiry into the matter. However, in both of those cases, the court refused to grant the appointment of new counsel. In this instance, new counsel was appointed, and appellant

7

asserts that he was harmed because the effect of such action on his defense was not considered. Since appellant does not explicate what the adverse effect was, if any, on his defense as a result of the court granting his requests without a hearing, and since appellant obtained the relief he requested, we fail to see how he was harmed by the trial court's action. *See* Tex. R. App. P. 44.2; *Adanandus v. State*, 866 S.W.2d 210, 220 (Tex.Crim. App. 1993), *cert. denied,* 510 U.S. 1215, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994); *Malcolm*, 628 S.W.2d at 792. Appellant's second issue is overruled.

In his last issue, appellant contends by way of a supplemental brief that the trial court abused its discretion in ordering his sentence "to run concurrent with any other sentence." Appellant bases his argument on article 42.08 of the Code of Criminal Procedure, which provides:

> (b) If a defendant is sentenced for an offense committed while the defendant was an inmate in the institutional division of the Texas Department of Criminal Justice and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

Tex. Code Crim. Proc. Ann. art. 42.08(b) (Vernon Supp. 2002). Appellant argues that because the court had no discretion to run the sentences concurrently, the plea agreement was incapable of being performed, and the judgment must be set aside. Attached to appellant's supplemental brief is an affidavit from his trial counsel stating that a specific term of the plea bargain was that his sentence would run concurrent with any other

8

sentences. Further, appellant argues that his right of appeal on this issue is not limited because the punishment which must be assessed (*i.e.,* stacking of the sentences) exceeds that recommended by the State (*i.e.,* concurrent sentences).

The record contains a "Statement of Plea Bargain" signed by appellant's trial counsel, which shows the plea bargain to have been five years in the Institutional Division of the Texas Department of Criminal Justice, plus $247.25 in court costs. There is no indication in that document that the sentences were to run concurrent. Further, the judgment originally showed that, as part of the plea bargain, the sentence was to run consecutively with Cause No. 87-406,716, although that provision was later deleted by the trial court after accepting appellant's plea. It is also undisputed that appellant was incarcerated for another offense at the time he assaulted a correctional officer. The assault offense was enhanced by three prior convictions. The following discussion took place at the hearing during which appellant pled guilty:

\* \* \*

THE COURT: And do you understand the plea agreement in this case to be that upon a plea to this case, the State would recommend that you would be sentenced to five years in the Texas Department of Corrections?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Let me clear this up. The State is waiving the enhancement paragraph?

MS. NORRIS: We are waiving them all, Your Honor.

9

THE COURT: And the plea agreement indicated that this is to run consecutively with Cause Number 87-406,716.

MS. NORRIS: I am sorry, Your Honor. I didn't see the plea papers. He served that.

MR. MCDONALD: That is the one he is discharged on.

MS. NORRIS: He discharged it totally. And he has 843 days credit, Your Honor. That includes time he spent in TDC being held on these charges.

THE COURT: What I am going to do is on the judgment on the last paragraph, it indicates that the sentences run consecutive with that other cause number. The Court is going to mark that out and put in here that if he has any other sentences, that this sentence is to run concurrent.

MR. MCDONALD: Okay.

THE COURT: You said he had how many days of jail credit?

MS. NORRIS: From February the 25th,1999, which was 843 days, Your Honor.

THE COURT: Is that your understanding of your jail credit, Mr. McNeal?

THE DEFENDANT: Yes, sir, February 25, 1999.

THE COURT: And is that the attorney's understanding of the plea agreement in this case?

MR. MCDONALD: It is, Your Honor.

* * *

10

Therefore, in two places in the judgment, the court deleted that portion which indicated the sentences were to run consecutively and wrote "this sentence is to run concurrent with any other sentence."[3]

A trial court has no discretion to order sentences for offenses committed while a defendant is incarcerated to run concurrently, *Resanovich v. State*, 906 S.W.2d 40, 42 (Tex.Crim.App. 1995), and the parties cannot agree to a punishment that is not authorized by law. *Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Crim.App. 1993), *overruled on other grounds by Ex parte McJunkins,* 954 S.W.2d 29 (Tex.Crim.App. 1997). However, even if the court was not authorized to provide that any other sentences would run concurrent with the assault charge, there is no evidence in the record that appellant was actually serving any other sentences. In fact, at the time of the plea, the record shows that appellant had finished serving his sentence for commission of the offense for which he was in prison at the time of his assault on the correctional officer. The trial court, the attorneys, and appellant all appear to have agreed that he was not serving any other sentences. Therefore, there has been no showing that the provision added by the court to the judgment had the effect of ordering the sentences to be served concurrently. Appellant's third issue is overruled.

In summary, we have found no reversible error and affirm the judgment of the trial court. We also note that, in a prior opinion of this court, we delayed a ruling on appellant's

---

[3]The court failed to delete one other sentence in the judgment, which stated that the sentence was to be served consecutively with that in Cause No. 87-406,716.

11

counsel's motion to withdraw pending our determination of this matter on the merits.

Therefore, at this time, we hereby grant counsel's motion to withdraw.


                                      John T. Boyd
                                      Chief Justice

Do not publish.