UNITED STATES of America,
Plaintiff-Appellee,

v.

James Earl YOUNG, Sr., Defendant-
Appellant.

No. 72–3672

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1973.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Jack H. Young, Jackson, Miss., court-appointed, for defendant-appellant.

Robert E. Hauberg, U. S. Atty., Daniel E. Lynn, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant was convicted below of assaulting a federal officer in violation of 18 U.S.C.A. § 111 and destruction of government property in violation of 18 U.S.C.A. § 1361. He raises principally the issue of whether the district court erred in failing to appoint another attorney for him after he expressed dissatisfaction with appointed counsel then representing him. We affirm.

After giving notice of their official status, F.B.I. agents Garvie and Stringer used their automobile to force appellant to halt his automobile. Testimony at trial indicated that both vehicles stopped, with the right side of the F.B.I. automobile at a 45° angle to the front of appellant's automobile. The agents testified that as agent Garvie exited from the Government car, appellant suddenly drove his car forward, forcing agent Garvie to dive back into the government vehicle to avoid injury. Appellant's bumper struck and damaged the door of the Government car. Appellant testified in defense that the automobiles had not stopped at the time of the collision and that the impact was accidental.

Appellant was initially convicted of the offenses charged, but his conviction was reversed and remanded by a panel of this court because of an erroneous jury instruction. United States v. Young, 5th Cir. 1972, 464 F.2d 160. Appellant was again convicted at the second trial and this appeal ensued.

■ Appellant argues that he was deprived of effective assistance of counsel at his second trial. The lawyer who represented him at the second trial, Mr. Jack H. Young,[1] also represented him at the first trial and on the successful appeal from the resulting conviction. On the first day of the second trial, after the jury had been impaneled, appellant expressed dissatisfaction with Mr. Young's legal services. He complained first that Mr. Young had not notified him that he would be transferred from Atlanta, Georgia, where he was confined pending trial, to the place of his trial in Jackson, Mississippi. The objection plainly did not amount to a claim of deprivation of Sixth Amendment rights, and the district court properly disregarded it. Secondly, appellant expressed suspicion that Mr. Young had communicated confidential defense matters to the prosecutor.[2] On the basis of his long-

---

1. Coincidentally, appellant's surname is also Young. All references to Mr. Young in the text indicate the lawyer rather than the client, who will be designated as appellant.

2. Appellant stated to the district court: Well, Your Honor, I feel that uhh ruh if me and Mr. Young talk something in private he runs to the District Attorney telling the District Attorney uhh uhh about this, just what me and him talk about.

On this appeal appellant has filed a *pro se* brief, supplementing the brief

standing professional acquaintance with Mr. Young, the District Judge rejected out of hand the suggestion of improper professional conduct on Mr. Young's part. Appellant then retreated to a more general objection: "Well, Your Honor, I am not trying to tell you that you don't know Mr. Young. I feel that he won't represent me." The district court declined to appoint another lawyer for appellant and the trial began.

■■ Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause. *See* United States v. Sexton, 5th Cir. 1973, 473 F.2d 512, 514. Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court. The Second Circuit has recently summarized the applicable principles:

> In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict. Brown v. Craven, 424 F.2d 1166 (9th Cir. 1970); United States v. Grow, 394 F.2d 182, 209 (4th Cir.), cert. denied, 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed.2d 111 (1968); United States v. Gutterman, 147 F.2d 540 (2d Cir. 1945). If a court refuses to inquire into a seemingly substantial complaint about counsel when he has no reason to suspect the bona fides of the defendant, or if on discovering justifiable dissatisfaction a court refuses to replace the attorney, the defendant may then properly claim deni-

al of his Sixth Amendment right. Brown v. Craven, *supra*. In the absence of a conflict which presents such a Sixth Amendment problem, the trial court has discretion to decide whether to grant a continuance during the course of trial for the substitution of counsel, and that decision will be reversed only if the court has abused its discretion.

United States v. Calabro, 2d Cir. 1972, 467 F.2d 973, 986. *See also* United States v. Sexton, *supra*; United States v. Morrissey, 2d Cir. 1972, 461 F.2d 666; Brown v. Craven, 9th Cir. 1970, 424 F. 2d 1166; Bowman v. United States, 5th Cir. 1969, 409 F.2d 225, cert. denied, 398 U.S. 967, 90 S.Ct. 2183, 26 L.Ed.2d 552, reh. denied, 400 U.S. 912, 91 S.Ct. 128, 27 L.Ed.2d 152; United States v. Grow, 4th Cir. 1968, 394 F.2d 182, 209, cert. denied, 393 U.S. 840, 89 S.Ct. 118, 21 L. Ed.2d 111; United States v. Gutterman, 2d Cir. 1945, 147 F.2d 540; United States v. Mitchell, 2d Cir. 1943, 138 F.2d 831.

■■ A showing that appellant's appointed attorney had disclosed confidential defense matters to the prosecutor which would damage the defense would have amounted to "good cause" for not proceeding to trial with the same counsel. *See* United States v. Gutterman, *supra*, 147 F.2d at 542. At the time appellant's objections were raised below, no opportunity to make such a showing was afforded. Notwithstanding the District Judge's professional acquaintance with Mr. Young, the Judge should have inquired more thoroughly into the source and factual basis, if any, of appellant's dissatisfaction. Normally, failure to conduct such an inquiry constitutes reversible error. United States v. Morrissey, *supra*, 461 F.2d at 669.

We conclude that reversal is not required in this case, however, because the

filed on his behalf by Mr. Young. In his brief appellant further states:
Appellant's repeated conversations concerning defenses in his case were discussed with his Attorney and at later

times the United States Attorney would know his every move and would counter each defensive movement of the Appellant.

record as a whole reflects that appellant's claim was insubstantial and that he received vigorous and able representation at trial. The second trial was a virtual duplicate of the first. Defense strategy was the same at the two trials —appellant attempted to convince the jury that the collision between the two automobiles was accidental and not caused by his intentional act. The question of appellant's intent was the single significant factual issue, and evidence on both sides was presented straight-forwardly for evaluation by the jury. The jury evidently credited the Government witnesses rather than appellant. Upon a careful review of the record we do not find, and the appellate briefs do not suggest, any plausible instance of prejudice to the defense through prosecutorial awareness of defense matters, confidential or otherwise.

■ Nor are we persuaded by appellant's argument that, apart from the question of whether Mr. Young actually did betray appellant's confidence, appellant's distrust of his appointed counsel made effective representation by Mr. Young impossible. Appellant relies on Brown v. Craven, *supra*, in which the court held that an indigent defendant was deprived of effective representation of counsel where he and his appointed counsel had become "embroiled in irreconcilable conflict" from the beginning of their relationship, the defendant refused to communicate with his attorney at all, and the court felt on the basis of the record that the defense could probably have been more effective if conducted by a lawyer in whom the defendant had confidence. The instant case is clearly distinguishable from *Brown*. The record demonstrates no irreconcilable conflict between appellant and Mr. Young or any breakdown of communication between them. No contention is made that appellant refused to consult with Mr. Young. In view of the circumstance that Mr. Young conducted the first trial and prosecuted the successful appeal from the conviction which resulted, it is abundantly clear that he was intimately familiar with both the facts and the law of the case. Our review of the record convinces us that his representation of appellant at the first and at the second trial was more than adequate under Sixth Amendment standards.

■ The district court did not abuse its discretion in refusing to appoint a new attorney for appellant. Even if some facts had been shown which suggested the desirability of substituting different counsel at the second trial, we would be slow to find an abuse of discretion in the district court's denial of appellant's eleventh-hour request. "Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." United States v. Llanes, 2d Cir. 1967, 374 F.2d 712, 717.

■ Appellant further objects on this appeal that his conviction for two offenses based on evidence of a single incident offends the Double Jeopardy Clause. The two offenses are separate and distinct, since they require proof of different facts and different elements. Further, "[d]ifferent crimes may be committed by the same act, and prosecution may be had for either or both." Hattaway v. United States, 5th Cir. 1968, 399 F.2d 431, 433.

In appellant's two remaining assignments of error, he challenges the sufficiency of the evidence and contends that bias and hostility on the part of the trial judge rendered his trial unfair. We have considered both contentions and find them to be without merit.

Affirmed.