NOS.
12-05-00155-CR

         
12-05-00156-CR

         
12-05-00157-CR

         
12-05-00158-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ERIC LYNN KITCHENS,    §                      APPEAL FROM THE 8TH 

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      HOPKINS
COUNTY, TEXAS

                                                                                                                                       
                    

MEMORANDUM OPINION

            Eric Lynn
Kitchens appeals his convictions for two counts of sexual assault of a child
and two counts of indecency with a child, for which he was sentenced to
imprisonment for twenty years for each conviction.  Appellant raises one issue on appeal.  We affirm.

 

Background

            Appellant
was charged by separate indictments with two counts of sexual assault of a
child and two counts of indecency with a child. 
Following admonishments by the trial court, Appellant pleaded “guilty.” 

            Three
weeks later, the trial court conducted a bench trial on punishment.  During the proceedings, Appellant interrupted
on multiple occasions, exclaiming generally that he wished to fire his lawyer.  The court summarized Appellant’s conduct for
the record as follows:

                THE
COURT:      Sir, – May the record reflect
that Mr. Kitchens is yelling as the Court is talking and the attorneys are
talking.

 

And the Court will
instruct you that, if you continue to do that, the Court will have you
gagged.  So, don’t make me have to do
that; okay?

 

                (Disturbance
in the courtroom)

 

THE COURT:      May
the record reflect that Mr. Kitchens tried to -- when approaching the bench,
tried to -- appeared to go against one of the deputies who is assisting the
Court here as a bailiff, and he is sitting here in the courtroom now, and
everything is under control.

 

 

Later, as the prosecuting attorney
was making his argument to the court, Appellant repeatedly interjected, telling
him in several instances to “shut up,” and twice stating with regard to his
victim that “she wanted it, too.”  As the
prosecutor concluded his remarks and referred to Appellant’s interjections,
Appellant again interrupted, responding, “No, that’s not what I’m saying,
stupid.”

            Before
sentencing Appellant, the trial court asked him if he knew of any legal reason
why the court should not sentence him. 
Appellant responded as follows: “Yes, because I do not want [my
attorney] representing me, Your Honor. 
He’s done nothing but, for the past three months, has tried to get me to
plead out.  And I’ve told him time after
time after time after time, I want to take this to trial.”  Thereafter, the trial court sentenced
Appellant to imprisonment for twenty years for each conviction and ordered that
the sentences run concurrently.  This
appeal followed.

            

Substitution
of Appointed Counsel

            In
his sole issue, Appellant argues that the trial court abused its discretion in
declining to conduct a separate hearing concerning whether Appellant had good
cause to remove his attorney during the sentencing phase of trial.  An accused does not have the right to have
his choice of appointed counsel, and unless he waives his right to counsel and chooses
to represent himself, or shows adequate reason for the appointment of new
counsel, he must accept the counsel appointed by the court.  See Garner v. State, 864 S.W.2d
92, 98 (Tex. App.–Houston [1st Dist.] 1993, pet. ref’d); see Renfro v.
State, 586 S.W.2d 496, 499–500 (Tex. Crim. App. [Panel Op.] 1979).  A trial court is under no duty to search
until it finds an attorney agreeable to the accused.  Garner, 864 S.W.2d at 98.  Unless a Sixth Amendment violation is shown,
whether to appoint a different lawyer for an indigent criminal defendant who
expresses dissatisfaction with his court-appointed counsel is a matter
committed to the sound discretion of the trial court.  See United States v. Young, 482
F.2d 993, 995 (5th Cir. 1973).

            In
order to warrant a substitution of counsel during trial, the defendant must
show good cause, such as a conflict of interest, a complete breakdown in
communication, or an irreconcilable conflict that leads to an apparently unjust
verdict.  Id.; see also,
e.g., Smith v. Lockhart, 923 F.2d 1314, 1321 (8th Cir. 1991)
(conflict of interest arising from defendant’s class action suit against class
including attorney, coupled with inability to communicate with each other); United
States v. Hurt, 543 F.2d 162 (D.C. Cir. 1976) (appellate counsel’s
conflict of interest arising out of libel suit brought against him by appellant’s
trial counsel for asserting, on appeal, ineffectiveness of trial counsel).  In such an instance, however, the accused
must bring the matter to the trial court’s attention and must successfully bear
the burden of proving that he is entitled to a change of counsel.  See Malcom v. State, 628 S.W.2d
790, 791 (Tex. Crim. App. [Panel Op.] 1982). 


            If
a court (1) refuses to inquire into (a) a seemingly substantial complaint about
counsel (b) when it has no reason to suspect the bona fides of the defendant,
or (2) if on discovering justifiable dissatisfaction a court refuses to replace
the attorney, the defendant may then properly claim denial of his Sixth
Amendment right.  Young,
482 F.2d at 995.  In the absence of a
conflict that presents such a Sixth Amendment problem, the trial court has
discretion to decide whether to grant a continuance during the course of trial
for the substitution of counsel, and that decision will be reversed only if the
court has abused its discretion.  Id.

Seemingly Substantial Complaint

            In
the case at hand, Appellant complained that he wanted his attorney fired
because his attorney had tried, over a course of months, to have Appellant
plead guilty when Appellant desired to take the case to trial.  Such a complaint on Appellant’s part does not
fall into the aforementioned categories constituting good cause such as a
conflict of interest, a complete breakdown in communication, or an
irreconcilable conflict which leads to an apparently unjust verdict.  See Young, 482 F.2d at 995; see
also King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000)
(personality conflicts and disagreements concerning trial strategy, described
as trial counsel’s “disagreement of [the defendant’s] innocence,” are typically
not valid grounds for withdrawal and substitution of appointed trial counsel); Brown
v. United States, 264 F.2d 363, 366 (D.C. Cir. 1959) (fact that
defendant’s counsel did not think he had a chance of beating a charge not
adequate reason for substitution of appointed counsel).  

            As
the reason set forth by Appellant does not amount to good cause for his
attorney’s dismissal, we conclude that Appellant did not set forth a seemingly
substantial complaint to the trial court. 
Therefore, the trial court did not abuse its discretion in declining to
conduct an investigatory hearing on the matter. 
See Young, 482 F.2d at 995.  Furthermore, the trial court was entitled to
consider Appellant’s statement concerning why he wanted his trial counsel’s
services terminated in the context of his other outbursts during the
proceedings in question, i.e., telling the prosecuting attorney in several
instances to “shut up” and twice stating with regard to his victim that “she
wanted it, too.”  Moreover, when such
other statements are considered in conjunction with the physical disturbance
Appellant caused in the courtroom, the trial court could reasonably conclude
that Appellant was not acting in good faith[1] in requesting that his
trial counsel’s services be terminated.  See
Young, 482 F.2d at 995. 
Appellant’s sole issue is overruled.

 

Disposition

Having overruled Appellant’s sole
issue, we affirm the trial court’s judgments.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered September 6, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1]
See Black’s Law Dictionary
177 (6th ed. 1990) (“bona fide” means in or with good faith; honestly, openly,
and sincerely).