[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15740
Non-Argument Calendar
_____

D. C. Docket No. 07-20617-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARRINGTON OLIVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 4, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Arrington Oliver appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Oliver argues that the district court abused its discretion in failing to conduct an evidentiary hearing on his motions to withdraw his guilty plea. Oliver contends an evidentiary hearing was necessary to determine whether his trial counsel could adequately represent him in light of his claim that his counsel lied to him about his potential sentence in order to have him plead guilty. Next, Oliver argues that the district court erred in denying his pro se motions to withdraw his guilty plea because he asserted a "fair and just reason" for requesting the withdrawal. Lastly, Oliver argues that the district court erred in denying his motions to discharge his attorney and appoint new counsel because his attorney coerced him into pleading guilty and rendered ineffective assistance of counsel.

## I.

We typically review a district court's refusal to conduct an evidentiary hearing on a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Stitizer*, 785 F.2d 1506, 1514 (11th Cir. 1986). A district court's refusal to conduct an evidentiary hearing on a motion to withdraw a guilty plea does not amount to an abuse of discretion if the court conducted an extensive Rule 11 inquiry prior to accepting the defendant's guilty plea. *Id.* "Federal Rule of

Criminal Procedure 11 imposes upon a district court the obligation to conduct a searching inquiry into the voluntariness of a defendant's plea of guilty." *Id.* at 1513. Rule 11 requires that (1) the guilty plea be free from coercion; (2) the defendant understand the nature of the charges; and (3) the defendant know the consequences of the plea. *Id.* There are no mechanical rules for this inquiry, but "the more complex or doubtful the situation, the more searching the inquiry." *Id.*

Here, the district court conducted extensive inquiries during the Rule 11 plea colloquy before accepting Oliver's guilty plea. First, Oliver stated that his plea was free from force, coercion, or threats and that his plea was given voluntarily. Second, Oliver stated that he understood the nature of the charges against him, as he told the court he had a sound mind, had discussed the charges with his attorney, and confirmed that he understood the elements the Government would have to prove. Third, Oliver knew the consequences of his plea because the court reviewed the potential sentence and penalties with him and told him that Bharathi could not guarantee his sentence.

Additionally, the district court considered Oliver's motions to withdraw his guilty plea at hearings subsequent to the plea colloquy. At a subsequent hearing, Oliver changed his mind again and stated that he did not want to withdraw his guilty plea. Also, during the sentencing hearing, the district court examined factors

3

and concluded that Oliver failed to show a "fair and just reason" for withdrawing his guilty plea.

Even if we assume *arguendo* that Oliver properly raised this issue before the district court, we note that the court conducted an extensive Rule 11 inquiry prior to accepting Oliver's guilty plea, and held other hearings prior to sentencing on his motions to withdraw his plea. Accordingly, it did not abuse its discretion by failing to conduct one expressly for the purpose of admitting evidence on the basis for withdrawal.

## II.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003). "The district court may be reversed only if its decision is arbitrary or unreasonable." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988)

Pursuant to Rule 11(d), a court may permit a defendant to withdraw a guilty plea before the court imposes a sentence if the defendant "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has shown a "fair and just reason," a district court may consider the totality of circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available;

4

(2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Buckles*, 843 F.2d at 472 (citations omitted). Further, the good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw are left to the district court to decide. *Id.* Moreover, the district court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

In this case, the district court did not err in denying Oliver's motions to withdraw of his guilty plea because it made factual findings on each of the *Buckles* factors. First, the court found that Oliver was "counseled by competent and very effective defense counsel" during his guilty plea. The record indicates that Oliver received close assistance of counsel because trial counsel, in scheduling the change of plea hearing, stated that she had met with Oliver "numerous times" and had "developed a close attorney-client relationship." Further, Oliver testified at the change of plea hearing that he was "very satisfied" with his counsel.

Next, the district court found that Oliver "knowingly and voluntarily entered a guilty plea after a full discussion." The records supports this finding, as Oliver stated that he wanted to plead guilty at the plea colloquy and at a subsequent

hearing. In regards to whether judicial resources would be conserved, the district court found that allowing Oliver to withdraw his plea would not conserve resources of the court or parties. Lastly, the court found that, although the Government would not suffer "great prejudice," it would suffer "some prejudice." Because Oliver did not meet his burden of demonstrating a fair and just reason for withdrawing his guilty plea, he failed to show the district court abused its discretion by denying his *pro se* motions to withdraw his guilty plea.

## III.

We review a denial of a motion for new counsel for abuse of discretion. *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997). "Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973).[1] An indigent criminal defendant has an absolute right to be represented by counsel, but he does not have a right to demand a different lawyer be appointed, except upon a showing of good

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that all decisions handed down by the Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit).

cause. *Id.* Good cause requires a defendant to show a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict. *Id.*

In determining whether the district court abused its discretion in denying a motion for new counsel, we consider the following factors: "(1) the timeliness of the motion; (2) the adequacy of the court's inquiry into merits of the motion; and (3) whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." *Calderon*, 127 F.3d at 1343. Even if the district court abused its discretion, the defendant must show that the trial counsel continuing to represent him during sentencing prejudiced him. *Id.* If the defendant cannot show prejudice, then the error was harmless. *Id.* "To successfully demonstrate prejudice, [the defendant] must show that counsel's performance was 'not within the range of competence demanded of attorneys in criminal cases' and that 'but for' counsel's continued representation at the sentencing hearing, 'the result of the proceeding would have been different.'" *Id.* (citations omitted).

Here, there is no argument that the motions were untimely. The record indicates that the district court adequately considered Oliver's motions for new counsel during the two subsequent hearings and at sentencing. During the sentencing hearing, the court found trial counsel continued to do a "conscientious

7

and competent job" representing Oliver. The record supports this finding, as trial counsel continued to contact Oliver in preparation for the sentencing hearing.

Even if the district court abused its discretion, Oliver failed to show that the court's refusal to appoint new counsel prejudiced him. *See Calderon*, 127 F.3d at 1343. Trial counsel continued to argue on Oliver's behalf on a variety of issues at the sentencing hearing. Oliver makes no specific assertions of prejudice on appeal, and there is nothing in the record that indicates the outcome of the sentencing hearing would have been different had Oliver been represented by different counsel. Because Oliver failed to show that the district court's refusal to remove his counsel prejudiced him, he did not establish that the district court abused its discretion by denying his motions to discharge his attorney and to appoint new counsel. Accordingly, we affirm Oliver's conviction.

**AFFIRMED.**