[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10034
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 1:09-cr-20519-JLK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR ROPERTO-PERDOMO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 28, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Julio Cesar Roperto-Perdomo appeals his convictions for possession of

cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute, pursuant to 21 U.S.C. §§ 841(a)(1) and 846. At a status conference shortly before trial, Roperto-Perdomo requested substitute counsel. The district court denied that request. He later changed his plea to guilty, which the district court accepted after confirming, among other things, that he was satisfied with counsel's representation.

On appeal, Roperto-Perdomo argues that the district court erred at the pretrial status conference by failing to inquire into the factual basis of his expressed dissatisfaction with counsel or to appoint substitute counsel. He also argues that the district court erred during the plea hearing by incorrectly advising him that his only options were either to proceed to trial with appointed counsel or to plead guilty, while omitting that he also had the right to represent himself. After review, we discern no reversible error and affirm.

## I.

Where the district court conducts an inquiry into the merits of a criminal defendant's motion for new counsel, we review its ruling for abuse of discretion. *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997).

"Although the Sixth Amendment guarantees counsel, it does not grant defendants the unqualified right to counsel of their choice." *United States v.*

*Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (en banc), *cert. denied*, 129 S. Ct. 2432 (2009). Indigent criminal defendants ordinarily "must either accept the counsel appointed to represent them or represent themselves." *Id.* at 1263–64. However, upon a showing of good cause, an indigent defendant may receive substitute appointed counsel. *Id.* at 1263. "Good cause" is limited to "a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* (internal quotation marks omitted). A general loss of confidence or trust in counsel does not amount to good cause. *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985).

When considering a district court's ruling on a motion for substitute court-appointed counsel, we consider the following factors: (1) its timeliness; (2) the adequacy of the court's inquiry into its merits; and (3) whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel, thereby preventing an adequate defense. *Calderon*, 127 F.3d at 1343.

If the district court refuses to conduct an inquiry into an allegation that, if true, would constitute good cause, is ordinarily reversible error. *See United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973).[1] However, notwithstanding such

---

[1]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed

3

error, we will affirm if the record "reflects that [the] appellant's claim was insubstantial and that he received vigorous and able representation." *See id.* at 996 (holding that the district court erred by not inquiring further into the defendant's allegation that counsel disclosed confidential information to the prosecutor, but affirming because nothing in the record revealed that such disclosure occurred).

The district court did not abuse its discretion in its inquiry into Roperto-Perdomo's request for new counsel or its decision to decline to appoint new counsel for Roperto-Perdomo. At the status conference, Roperto-Perdomo requested another attorney because he did not "feel right" with appointed counsel and because he was "confused." First, neither of those reasons would amount to good cause to appoint substitute counsel. They do not indicate a conflict of interest or a complete breakdown in communication. Instead, they are more indicative of a loss of confidence or trust, reasons that are not sufficient to constitute good cause. *Thomas*, 767 F.2d at 742. Second, at the change of plea hearing the next day, Roperto-Perdomo indicated he was satisfied with counsel's performance. Given the inadequacy of Roperto-Perdomo's stated reasons and the evidence that any conflict was insubstantial, the district court's inquiry into the merits of the request was adequate. *Calderon*, 127 F.3d at 1343. Moreover, the record also fails to

down prior to September 30, 1981.

show that any conflict was so great as to result in a total lack of communication between the defendant and counsel. *Id.* Indeed, the record reflects that counsel had diligently represented Roperto-Perdomo throughout the proceedings. Accordingly, the district court did not abuse its discretion by declining to inquire further into Roperto-Perdomo's request or appoint substitute counsel.

II.

We normally review whether a defendant entered into a guilty plea knowingly and voluntarily as a mixed question of law and fact, subject to *de novo* review. *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998).

In accepting a defendant's guilty plea, the district court must ensure, among other things, that a defendant understands the consequences of his plea. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). To this effect, "Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea." *Id.* Among these rights are the right to a jury trial and "the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding." Fed. R. Crim. P. 11(b)(1)(C)–(D). Rule 11 does not expressly refer to the right of self-representation, however, and to date, neither we

5

nor the Supreme Court have held that it is implicitly included in the Rule 11 colloquy. *See id.*

In *Garey*, upon which Roperto-Perdomo relies, the defendant argued that the district court's decision to treat the defendant's refusal to clearly respond to the choice of proceeding with appointed counsel or to represent himself as an affirmative waiver of the right to counsel was a violation of the Sixth Amendment because it forced the defendant to represent himself. 540 F.3d at 1259–62. Sitting en banc, we observed that neither the right to counsel nor the right to self-representation were inferior to each other. *Id.* at 1264 n.4. We held that a valid waiver of counsel could occur either affirmatively, or implicitly by the defendant's conduct, so long as it was otherwise knowing and intelligent under *Faretta*. *Id.* at 1265–66.

*Garey*, however, is of no help to Roperto-Perdomo. There is no indication in the record that Roperto-Perdomo implicitly waived his right to counsel and that the district court subsequently denied him the right to represent himself. At the change of plea hearing, Roperto-Perdomo was not vacillating between proceeding with appointed counsel or proceeding without counsel. Instead he expressed satisfaction with counsel and was only deciding whether to proceed to trial or plead

guilty.  *Garey* does not hold that a district court errs in failing to *sua sponte* inform a defendant of the right to self-representation in that situation.

Here, the record indicates that, during the plea hearing, the district court informed Roperto-Perdomo of the rights necessary to ensure that he entered his plea fully aware of its consequences.  Neither Rule 11 nor any other authority demands that the district court inform the defendant of his right to self-representation, particularly where he explicitly manifested his satisfaction with counsel during the plea colloquy.  Accordingly, the district court did not err in accepting his plea without first informing him of this right.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**