**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2011

Lyle W. Cayce
Clerk

No. 10-50968
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO BENITEZ-CASAS, also known as Raul Valenzuela,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-681-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Armando Benitez-Casas was convicted by a jury of one count of illegally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentering the United States after having been previously removed. He claims the district court failed adequately to inquire about his request for new counsel, depriving him of his Sixth Amendment right to counsel, so the conviction should be vacated. Benitez-Casas argues that the lack of communication with his attorney prevented him from presenting an adequate defense.

The Sixth Amendment guarantees the right to counsel at all critical stages of the prosecution. The right to choose an attorney does not extend to defendants who have appointed counsel. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). Moreover, "[t]he freedom to have counsel of one's own choosing may not be used for purposes of delay," and "[l]ast minute requests are disfavored." *United States v. Silva*, 611 F.2d 78, 79 (5th Cir. 1980). We review Sixth Amendment claims *de novo*, *id.,* but where the Sixth Amendment has not been violated, we review the refusal to appoint substitute counsel for abuse of discretion, *United States v. Simpson*, No. 09-30075, 2011 WL 2473618, at *5 (5th Cir. June 23, 2011).

"Substitute counsel should be appointed only for 'good cause.'" *Id.* (citing *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973)). "In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* "If a court refuses to inquire into a seemingly substantial complaint about counsel when [the court] has no reason to suspect the bona fides of the defendant, or if on discovering justifiable dissatisfaction a court refuses to replace the attorney, the defendant may then properly claim denial of his Sixth Amendment right." *Id.* (internal quotation marks and citation omitted).

The record does not reflect that there was a conflict of interest, irreconcilable conflict, or complete breakdown of communication between Benitez-Casas and his attorney. Even if the last colloquy between the court and Benitez-Casas regarding dissatisfaction with the attorney fell short of the otherwise applicable

requirement, Benitez-Casas's complaints, when considered in the context of the proceedings, were not "seemingly substantial" such that further inquiry was required. *See id.*

AFFIRMED.