# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40297
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SPENCER GAROD ELAM, also known as Spence,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CR-42-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Spencer Garod Elam was convicted of possession of, with intent to distribute, hydrocodone; conspiracy to possess, with intent to distribute, hydrocodone; two counts of using, carrying, and possessing a firearm during and in furtherance of a drug trafficking crime; being a felon in possession of a firearm; and use of a communication facility to facilitate the commission of a drug felony. He was sentenced, *inter alia,* to 480 months' imprisonment, below

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-40297

the advisory Sentencing Guidelines sentencing range of 595–600 months' imprisonment. On appeal, he contends: the district court erred by denying his motion for substitution of counsel; his sentence was procedurally unreasonable because the court failed to adequately explain it; and his sentence was substantively unreasonable.

"Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973). The refusal to appoint new counsel is reviewed for abuse of discretion. *E.g.*, *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013). Along that line, "the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict". *Young*, 482 F.2d at 995 (citations omitted). "A showing that appellant's appointed attorney had disclosed confidential defense matters to the prosecutor which would damage the defense would have amounted to 'good cause' for not proceeding to trial with the same counsel." *Id.* (citation omitted). As noted, betrayal of trust by an attorney *may* serve as good cause if it results in "irreconcilable conflict" or a complete "breakdown in communication". *Id.* at 995–96. However, district courts "must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay". *Id.* at 996 (citation and internal quotation marks omitted).

Elam's counsel, without Elam's knowledge or consent, and in connection with the prosecution, helped arrange a telephone call to Elam from his brother, who assured defense counsel he could convince Elam to accept a plea agreement. Elam's brother was attempting to cooperate with the authorities

to obtain a reduction in his own sentence.  As Elam and his brother both were in jail, the call was recorded.

Elam contends his counsel's actions precluded the use of an, even-now, unexplained defense, which evidently was based on the identification of Elam's voice.  The Government, however, stated at the hearing on Elam's substitution-of-counsel motion that it would not use the recording of the telephone call as evidence.  Moreover, after the district court had granted eight continuances, the *pro se* motion for substitution of counsel was filed as trial drew near, and the hearing on the motion was held the day trial began.  Under these circumstances, Elam has failed to show the denial of the substitution-of-counsel motion constituted a violation of the Sixth Amendment or was an abuse of discretion.  *See Mitchell,* 709 F.3d at 441–42.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Because Elam did not object at his sentencing hearing to the procedural or substantive reasonableness of his sentence, his challenges are reviewed only for plain error. *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009).  Under that standard, Elam must show a plain (clear or obvious) forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he shows such reversible plain error, we have the

discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

At the sentencing hearing, the district court heard Elam's reasons for a 360-month sentence and the Government's reasons for one within the 595–600 month advisory Guidelines sentencing range. In imposing a below-Guidelines sentence of 480-months' imprisonment, the district court implicitly determined the Guidelines range provided too high a sentence and Elam sought too low a sentence. Moreover, the district court considered the sentencing factors, provided in 18 U.S.C. § 3553(a), and the advisory Sentencing Guidelines. The explanation for the sentence was adequate to allow for review. *See Gall*, 552 U.S. at 50. Accordingly, Elam has failed to show a clear or obvious error as to the procedural reasonableness of his sentence.

The 360-month sentence requested by Elam was the minimum aggregate sentence required by law for his two convictions of using, carrying, or possessing a firearm during and in furtherance of a drug-trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A)(i) (five-year minimum on first offense), (c)(1)(C)(i) (twenty-five-year minimum on second offense), (c)(1)(D)(ii) (consecutive-sentence requirement). Elam oversaw a significant drug-distribution operation involving hydrocodone pills. The operation used several houses for its transactions, and the jury found his offenses involved 5,178 hydrocodone pills and 7,241 grams of marijuana. The consecutive, 120-month sentence imposed for the remaining offenses adequately reflected the seriousness of Elam's criminal conduct. Elam has not shown that the district court failed to account for a relevant factor, gave too much weight to an irrelevant or improper factor, or made a clear error in judgment as to balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Again, Elam has

No. 13-40297

failed to show a clear or obvious error as to the substantive reasonableness of the sentence.

AFFIRMED.