# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30726
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARVIN BROWN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:14-CR-183-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marvin Brown pleaded guilty, pursuant to a plea agreement, to distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and was sentenced to 120 months' imprisonment. Regarding his appointed counsel (federal public defender), Brown contends the district court erred by: denying his requests for appointment of substitute counsel; and failing to conduct an adequate inquiry into the basis for those requests.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-30726

As an initial matter, the Government maintains  Brown's unconditional guilty plea waived any non-jurisdictional defects, such as any error in the denial of his motions for the appointment of new counsel.  Because we conclude Brown has not shown error, it is unnecessary to resolve this issue.

"Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court." *United States v. Young,* 482 F.2d 993, 995 (5th Cir. 1973). Accordingly, our court reviews a refusal to appoint substitute counsel only for abuse of that discretion. *E.g., United States v. Simpson*, 645 F.3d 300, 307 (5th Cir. 2011).

Brown's primary assertions were that his appointed counsel refused to move for his release on bond, and strongly encouraged him to plead guilty.  He maintains the court did not conduct a meaningful inquiry into his allegations. Nevertheless, a review of the record shows the court's inquiry into Brown's complaints was sufficient to ascertain the nature of the alleged problems and to glean the relevant facts. *See United States v. Fields,* 483 F.3d 313, 352 (5th Cir. 2007) (stating a court must be adequately apprised of the nature of the dispute or conflict and its potential impact on counsel's representation).

Even assuming, *arguendo*, the court failed to conduct a proper inquiry as to any particular claim, "the record as a whole reflects that [Brown's]  claim was insubstantial and that he received vigorous and able representation". *Young,* 482 F.2d at 995–96.  Moreover, Brown has not shown "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which [led] to an apparently unjust" result. *Id.* at 995.

AFFIRMED.