# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40244
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MUHAMMAD AIJAZ SARFRAZ, also known as Mohammad Aijaz Sarfraz, also known as Muhammad Aijaz Sarfaraz,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-75-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Muhammad Aijaz Sarfraz was convicted of conspiracy to manufacture, distribute, or dispense or to possess with intent to manufacture, distribute, or dispense controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1) and (h). He was sentenced within the advisory sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range to 240 months of imprisonment and three years of supervised release, to be served concurrently.

Sarfraz argues on appeal that the district court abused its discretion in denying defense counsel Philip Ray's pre-trial motion to withdraw, in which Ray argued that his communication with Sarfraz had "deteriorated to the point that it [was] detrimental" to Sarfraz.  Sarfraz contends that his motion was filed more than four months before the start of trial and that Ray's complaint that there was a complete breakdown of communication and trust, combined with the Government's observations during a hearing that such a breakdown existed, demonstrated that Ray and Sarfraz were involved in a conflict that was so great that there was a total lack of communication, which prevented an adequate defense.

Although the Sixth Amendment guarantees the right to counsel during criminal prosecution, the right to choose an attorney does not extend to defendants who have appointed counsel. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 151 (2006).  Where, as here, the Sixth Amendment has not been violated, this court reviews the district court's refusal to appoint substitute counsel for an abuse of discretion. *United States v. Simpson*, 645 F.3d 300, 307 (5th Cir. 2011).  "In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973) (internal quotation marks and citation omitted).  The record establishes that Sarfraz's discontent with Ray's representation rested on his desire for more desirable plea agreement terms and that any breakdown in communication between Ray and Sarfraz was attributable to Sarfraz.  *See Simpson*, 645 F.3d at 307-08.  Accordingly, Sarfraz has not shown that the

No. 16-40244

district court abused its discretion in denying his motion to withdraw. *See id.* at 307.

Sarfraz also argues that the district court committed clear error in imposing a four-level enhancement based on his role as a leader or organizer under U.S.S.G. § 3B1.1(a). The Government contends that regardless whether the district court committed clear error in applying the enhancement, any error would have been harmless. With the § 3B1.1(a) enhancement, Sarfraz had a total offense level of 46, which was treated as 43 because 43 has the highest possible offense level under the Sentencing Guidelines. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table), comment. (n.2). This total offense level, combined with Sarfraz's criminal history category of I, resulted in a guidelines sentence of life imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). However, this guidelines range was limited to 240 months due to the 20-year statutory maximums attributable to each offense. *See* U.S.S.G. § 5G1.1(a). A reduction of four levels in Sarfraz's offense level from 46 to 42 would have resulted in a guidelines range of 360 months to life imprisonment, which would have again been limited to 240 months of imprisonment for the same reasons. *See id.*; U.S.S.G. Ch. 5, Pt. A (Sentencing Table). As a result, Sarfraz's guidelines range would have remained unchanged without the enhancement. Additionally, the district court stated at sentencing that 20 years of imprisonment was an appropriate sentence and that even if the court had miscalculated the guidelines range, it would upwardly vary to a sentence of 20 years. Accordingly, the Government has met its burden of showing that any error by the district court was harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 717 (5th Cir. 2010).

In light of the foregoing, the district court's judgment is AFFIRMED.