# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11179
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff—Appellee,

versus

RAUL CARRIZALES-MENCHACA,

Defendant—Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-9-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Raul Carrizales-Menchaca pleaded guilty of illegal reentry after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deportation.    The presentence report recommended an advisory guideline range of 6 to 12 months of imprisonment.    The district court sentenced Carrizales-Menchaca to 24 months.    During sentencing, the court imposed a $500 fine on defense counsel for violating Local Rule 57.8(b), citing counsel's conduct in refusing to answer the court's questions adequately.    Counsel twice moved to withdraw from representation after the sanction.    On appeal, Carrizales-Menchaca claims that the court reversibly erred by declining to inquire into counsel's asserted conflict of interest before denying the motions to withdraw.    Carrizales-Menchaca also contends that the sentence is procedurally unreasonable as a departure sentence under U.S.S.G. § 4A1.3.

Carrizales-Menchaca's assertion that the district court neglected its duty to inquire about an asserted conflict of interest is reviewed *de novo*.  *See United States v. Fields*, 483 F.3d 313, 349 (5th Cir. 2007).  "[T]he purpose of the duty to inquire is to assure that the court is apprised adequately of the nature of a conflict and its potential impact on counsel's capacity to represent the defendant."  *Id.* at 352 (internal quotation marks and citation omitted).  The duty to inquire is not formalistic and may be fulfilled if "the parties have volunteered all the relevant information for a court to determine that no substantial conflict exists."  *Id.*  In such instances, a trial court does "not have a duty to inquire any further."  *Id.* (quotation marks and citation omitted).

The record was sufficient to apprise the district court of counsel's sentencing arguments, and there is no evidence supporting a claim that counsel was laboring under an actual conflict of interest.  *See id.*; *United States v. Young*, 482 F.2d 993, 995–96 (5th Cir. 1973).  Considering the court's familiarity with the facts, legal issues, and counsel's arguments about the purported conflict, the court had sufficient relevant information to determine that no such conflict existed.  *See Fields*, 483 F.3d at 352.  To that end, Carrizales-Menchaca

has not shown that the court would have "learned anything material from [greater] inquiry." *See id.*

Carrizales-Menchaca's contentions regarding the procedural reasonableness of the sentence are equally unavailing. Although he refers to the sentence as an upward departure under § 4A1.3, the record reflects that the court imposed a non-guidelines sentence or variance based on the 18 U.S.C. § 3553(a) factors. Thus, Carrizales-Menchaca's arguments are inapposite. He also contends that the district court's reliance on § 3553(a) does not obviate its error in misapplying § 4A1.3. That theory, however, is based on the same erroneous premise previously identified—that the court misapplied the departure guideline under § 4A1.3. No such guideline application occurred, so Carrizales-Menchaca's attempt to show error based on reliance on the § 3553(a) factors is without merit. Because Carrizales-Menchaca's challenge to the sentence is directed solely to its procedural reasonableness, we do not address its substantive reasonableness.

AFFIRMED.