# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10105
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL BARRETT, also known as "Motorcycle Mike",

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-132-20

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Michael Barrett pleaded guilty to conspiring to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, and he was sentenced to 420 months of imprisonment and four years of supervised release. On appeal, he challenges the district court's denial of his appointed counsel's motion to withdraw and appoint substitute counsel for appeal and his motion for a continuance of the sentencing hearing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10105

Additionally, he contends that the 420-month sentence, which was within the applicable guidelines range of imprisonment, is substantively unreasonable.

Barrett has failed to demonstrate a "complete breakdown in communication" or "irreconcilable conflict" with counsel. *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973). The district court did not abuse its discretion in denying the motion to withdraw and to appoint substitute counsel on appeal. *See United States v. Simpson*, 645 F.3d 300, 307 (5th Cir. 2011).

In addition, Barrett has failed to show that the district court abused its discretion in denying his motion to continue his sentencing hearing. *See United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). He has not alleged, much less demonstrated, that he suffered "specific and compelling or serious prejudice" from the denial of the continuance. *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999) (internal quotation marks and citation omitted).

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the district court considered Barrett's arguments for a sentence below the guidelines range but determined that a 420-month sentence was appropriate in light of Barrett's criminal history and its belief that Barrett was a "danger to the community." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Barrett's arguments are not sufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The judgment of the district court is AFFIRMED. Barrett's motion to relieve counsel and to appoint new counsel is DENIED.