# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-50970
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Melvin Dallas Godsey; Juan Romero-Fuentes,

*Defendants—Appellants*.

————————————————————

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:22-CR-116-2, 7:22-CR-116-3

————————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Melvin Dallas Godsey and Juan Romero-Fuentes were convicted following a jury trial of conspiring to knowingly and intentionally possess with intent to distribute 50 grams or more of actual methamphetamine. Godsey was sentenced to 212 months of imprisonment, followed by five years of

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50970

supervised release, and Romero-Fuentes was sentenced to 276 months of imprisonment, followed by five years of supervised release.

On appeal, Godsey argues that the district court erred in refusing to grant his request for trial counsel's removal and the appointment of substitute counsel and that the court erred in its relevant conduct drug quantity calculation. Romero-Fuentes asserts that his within-guidelines sentence was substantively unreasonable, arguing that the sentence was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and that the guidelines range overrepresented the seriousness of his offense because the methamphetamine Guideline is not empirically based and the ratio for actual methamphetamine and methamphetamine mixture is arbitrary.

First, Godsey fails to show that the district court abused its discretion in denying the motion to remove and substitute appointed counsel. *See United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013); *United States v. Young*, 482 F.2d 993, 995-96 (5th Cir. 1973). Contrary to Godsey's assertions, his trial counsel actively worked on Godsey's behalf, and Godsey does not show that there was a complete breakdown in communication or an irreconcilable conflict which led to an unjust verdict. *See Mitchell*, 709 F.3d at 441-42; *United States v. Simpson*, 645 F.3d 300, 307-08 (5th Cir. 2011); *Young*, 482 F.2d at 995-96.

We review the district court's interpretation and application of the Guidelines de novo and the district court's factual findings, such as its drug quantity determination, for clear error. *See United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019). The district court adopted the presentence report (PSR), which generally has sufficient indicia of reliability and relied on the coconspirator's testimony. *See United States v. Moton*, 951 F.3d 639, 645 (5th Cir. 2020); *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). The

coconspirator's testimony was reliable, *see United States v. Valdez*, 453 F.3d 252, 257, 266-67 (5th Cir. 2006), and Godsey did not offer any evidence to the contrary, *see United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). Additionally, the district court's drug quantity calculation of 1,077.3 grams of actual methamphetamine was plausible in light of the record as a whole. *See Barfield*, 941 F.3d at 761; *United States v. Betancourt*, 422 F.3d 240, 246-48 (5th Cir. 2005); *see also Harris*, 702 F.3d at 230. The district court therefore did not clearly err in its drug quantity determination. *See Barfield*, 941 F.3d at 761.

Next, we review Romero-Fuentes's claim that his within-guidelines sentence was greater than necessary to comply with the sentencing goals of § 3553(a) for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). Romero-Fuentes has not shown that the district court considered an improper factor, failed to consider a relevant factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, Romero-Fuentes has failed to rebut the presumption of reasonableness applicable to his within-guidelines sentence and has not shown that the district court abused its discretion. *See Hernandez*, 876 F.3d at 166-67; *Cooks*, 589 F.3d at 186.

Lastly, Romero-Fuentes concedes that his substantive reasonableness argument regarding the methamphetamine Guideline is foreclosed. *See United States v. Lara*, 23 F.4th 459, 486 (5th Cir. 2022), *cert. denied*, 142 S. Ct. 2790 (2022). While the district court has the discretion to sentence a defendant based on policy disagreements with how the Guidelines treat different forms of methamphetamine, it is not required to do so, and a within-guidelines sentence is not substantively unreasonable merely because the methamphetamine Guideline is "not empirically-based." *Id.*; *see United*

No. 22-50970

*States v. Malone*, 828 F.3d 331, 338-39 (5th Cir. 2016); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgments of the district court are AFFIRMED.