[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10323

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY MOBLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:13-cr-00101-WTM-CLR-1

_____

Before ROSENBAUM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

Anthony Mobley appeals the revocation of his supervised release. He argues that the District Court violated his Sixth Amendment right to effective assistance of counsel by denying his request for new counsel. Because the record is insufficiently developed to resolve that claim, we remand for further proceedings.

## I.

While serving a term of supervised release, Mobley was charged with violating multiple conditions—including unauthorized travel, failure to complete community service, and an alleged domestic battery. The District Court found him in violation and sentenced him to 37 months in prison.

At the outset of the revocation hearing, the following exchange took place between Mobley and the Court:

> **Mobley**: "I would like to fire my attorney on ineffective counsel."
>
> **The Court**: "All right. That request is denied. Anything else?"
>
> **Mobley**: "Can I be appointed new counsel, please?"
>
> **The Court**: "That's denied. Anything else?"
>
> **Mobley**: "On what grounds is it denied, sir?"
>
> **The Court**: "It's denied. Have a seat."

**Mobley**: "I'm trying to figure out why can't I fire my attorney."

**The Court**: "I am denying that request because she is an experienced attorney and she -- "

**Mobley**: "I don't think -- it's a conflict of interest, Your Honor."

**The Court**: "Do not talk over me."

**Mobley**: "I'm trying to -- trying to -- I need a new counsel, Your Honor."

**The Court**: "I am denying that request, Mr. Mobley. You may have a seat."

**Mobley**: "I don't think it's in my best interest for her to represent me."

The Government proceeded to call two witnesses to testify. Near the end of the hearing, the Court invited Mobley to provide additional information. Mobley vocalized his discontent with his counsel's decision not to call a certain witness and stated that he will be going to state court the next day where he believed his domestic battery charges would be dropped.

## II.

Although a defendant has a right to counsel under the Sixth Amendment, he does not have the unqualified right to the appointed counsel of his choice or the right to demand a different appointed counsel except for good cause. *United States v. Garey*,

540 F.3d 1253, 1263–64 (11th Cir. 2008) (en banc). "Good cause in this context means a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* (citation and internal quotation marks omitted).

"Where the accused voices objections to appointed counsel, the trial court should inquire into the reasons for the dissatisfaction." *Thomas v. Wainwright*, 767 F.2d 738, 741 (11th Cir. 1985). A failure to conduct any inquiry requires reversal unless the record clearly shows that the complaint of a conflict was insubstantial and that the defendant received vigorous and able representation. *See United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973).

Here, the record contains insufficient evidence for us to make that determination. The District Court did not ask what the alleged conflict was, when it arose, or how it might have affected counsel's performance. The Government suggests, and the record plausibly supports, that the complaint stemmed from counsel's refusal to call a witness. But without further inquiry, we cannot be certain what Mobley meant by "conflict of interest," whether a conflict existed, and whether it prejudiced his defense.

Nor can we accept the Government's argument that Mobley's motion was untimely. Unlike cases where a defendant seeks substitution on the eve of trial or after prolonged delay, the record here does not establish when the conflict arose or whether granting the request would have disrupted the proceedings.

Because the District Court failed to inquire into Mobley's alleged conflict of interest, we cannot evaluate his Sixth Amendment claim on the current record. *Cf. United States v. Williams*, 902 F.3d 1328, 1336 (11th Cir. 2018). We therefore remand for the limited purpose of holding an evidentiary hearing on the nature and timing of the alleged conflict.

"Once the district court has concluded the evidentiary hearing, it should prepare an order detailing its findings and conclusions and transmit that order, along with a supplement record, to the clerk of this court. The panel will retain jurisdiction over the appeal and permit the parties, at the appropriate time, to file supplemental briefs [if necessary]." *Id.*

**REMANDED WITH INSTRUCTIONS.**