**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Enrique Cano SILVA,**
**Defendant-Appellant.**

No. 79–5271
· **Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1980.

---

\* Fed.R.App.R. 34(a);  5th Cir. R. 18.

Roberto J. Yzaguirre, McAllen, Tex., for defendant-appellant.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Defendant was convicted on two counts of distribution of cocaine and heroin in violation of 21 U.S.C.A. § 841(a)(1). The facts of the case are fully described in *United States v. Silva,* 580 F.2d 144 (5th Cir. 1978). In that proceeding, defendant's conviction was reversed, based upon the Government's refusal to disclose the identity of an informant, and the admission of evidence regarding subsequent drug-related acts. Defendant was retried and convicted and has brought this appeal. He raises several points, none of which require reversal.

■ Any delay in bringing this matter to trial was not the fault of the prosecution, and defendant has suffered no prejudice thereby. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. James,* 528 F.2d 999, 1020–21 (5th Cir.), *cert. denied,* 429 U.S. 959, 97 S.Ct. 382, 50 L.Ed.2d 326 (1976).

■ On the day before trial defendant made an oral motion for continuance, informing the district court he wished to substitute retained counsel for court-appointed counsel. Denial of defendant's motion did not deny defendant his Sixth Amendment right to counsel, since there is no absolute and unqualified right to counsel of choice, even where counsel is retained. *United States v. Brown,* 591 F.2d 307, 310 (5th Cir.), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). The freedom to have counsel of one's own choosing may not be used for purposes of delay. *United States v. Uptain,* 531 F.2d 1281, 1290 (5th Cir. 1976). Last minute requests are disfavored. *United States v. Sexton,* 473 F.2d 512 (5th Cir. 1973). Denial of a continuance is within the discretion of the trial judge and will not be reversed absent a clear abuse of discretion. *United States v. Harbin,* 601 F.2d 773, 778 (5th Cir.), *cert. denied,* —— U.S. ——, 100 S.Ct. 433, 62 L.Ed.2d 327 (1979). There was no abuse of discretion here.

■ Defendant took the stand, but refused to answer questions based upon an unauthenticated transcript of his first trial. By taking the stand, however, defendant waived his privilege against self-incrimination regarding matters about which he testified. *United States v. Beechum,* 582 F.2d 898, 908 (5th Cir. 1978) (*en banc*), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). The transcript was never offered into evidence and was used only for examining defendant. *See* Fed.R. Evid. 613(a). The Government's comment on Silva's refusal to answer was not objected to, and in any event, was not improper.

■ Defendant testified on his own behalf that he had met a Government narcotics agent four times. On cross-examination, defendant was questioned about a fifth meeting. Since defendant opened the door to the Government's inquiry, and cross-examined the agent regarding a fifth meeting, he may not complain about the Government's efforts to rebut his assertions. *United States v. Delk,* 586 F.2d 513, 516–18 (5th Cir. 1978).

■ Defendant questions the sufficiency of the evidence. Viewing the evidence in a light most favorable to the Government, it is clear that defendant met with the Government agent, and that drugs were

discussed. Defendant admitted as much. Although defendant contends he sold no drugs, the agent and other DEA agents who were following defendant testified that Silva handed a jar of heroin and some cocaine samples to the agent, in exchange for $1,100. The evidence supports the verdict. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

Finally, defendant asserts here for the first time that the evidence was also insufficient in his first trial, and that a retrial amounts to double jeopardy. Matters raised for the first time on appeal will not be considered. *See Mayberry v. Davis,* 608 F.2d 1070, 1071 (5th Cir. 1979).

AFFIRMED.