IN THE UNITED STATES COURT OF APPEALS
                           FOR THE FIFTH CIRCUIT

                          _____

                               No. 01-60274
                             Summary Calendar
                          _____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

PEARLIE M. COX,

                                              Defendant-Appellant.

                        - - - - - - - - - - -
            Appeal from the United States District Court
               for the Southern District of Mississippi
                    USDC No. 3:00-CR-75-ALL-WN
                        - - - - - - - - - - -
                             July 3, 2002
Before JOLLY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

     Pearlie M. Cox appeals her conviction on four counts of mail theft by a postal employee.  See 18 U.S.C. § 1709.  Cox's argument that the evidence was insufficient to prove (1) that she possessed the funds alleged in counts one, two, and three, and (2) that she embezzled the funds alleged in counts one through four, is without merit.  Because Cox failed to renew her motion for judgment of acquittal at the close of all the evidence, review is limited to whether her conviction resulted in a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

manifest miscarriage of justice.  United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994).  However, even under the more liberal standard of review expressed in Jackson v. Virginia, 443 U.S. 307, 319 (1979), i.e., whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Cox's arguments fail.  The testimony at trial of Cox's coworkers and postal inspectors and the videotapes of her conduct on the days on which the funds disappeared were sufficient to prove the offenses alleged.

Because the defense first introduced the subject of Cox's spending habits during its cross-examination of Brake, Cox cannot claim error in the Government's redirect questions to Brake regarding Cox's spending habits.  See United States v. Silva, 611 F.2d 78, 79 (5th Cir. 1980); United States v. Delk, 586 F.2d 513, 516-18 (5th Cir. 1978); see also Polythane Systems, Inc. v. Marina Ventures Intern., Ltd., 993 F.2d 1201, 1210 (5th Cir. 1993).  Even if the issue were not precluded by Cox's "opening of the door," see Silva, 611 F.2d at 79, to such questions, evidence that Cox was spending enough money to attract the attention of her coworkers at a time when unexplained disappearances of money were occurring from her work area was relevant and admissible.  See United States v. Chagra, 669 F.2d 241, 256 (5th Cir. 1982), overruled on other grounds, Garrett v. United States, 471 U.S. 773 (1985).  The district court did not plainly err in allowing

testimony on this issue.  See United States v. Guerrero, 169 F.3d 933, 943 (5th Cir. 1999).

As for Cox's argument regarding the restitution order, the Government concedes that it recovered $22,415.18 of the $89,711.03 set forth in the indictment, that this fact was not brought to the attention of the sentencing court, and that remand is appropriate for determination of the amount of restitution. The district court's restitution order is therefore VACATED and this case is REMANDED for the purpose of determining the appropriate amount of restitution to be ordered.  See United States v. Stout, 32 F.3d 901, 905 (5th Cir. 1994); United States v. Barndt, 913 F.2d 201, 203 (5th Cir. 1990).

AFFIRMED IN PART, VACATED AND REMANDED IN PART.