United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50062
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE TORRES-PEREZ,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
(EP-03-CR-854-2-PRM )
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Defendant-Appellant Jose Torres-Perez (Torres) appeals his conviction and sentence for conspiracy to import marihuana, importation of marihuana, conspiracy to possess with intent to distribute marihuana, and possession with intent to distribute marihuana. Torres argues that the evidence is insufficient to support his conviction and that the district court abused its discretion in denying his motion to substitute counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torres contends that his written and oral statements regarding the offenses are ambiguous and uncorroborated.  The evidence shows, however, that Torres was calm when he was interviewed and that he stated that he was to be paid to assist his brother-in-law in transporting marihuana to New Mexico.  Customs officials had stopped Torres and his brother-in-law at the Paso del Norte port of entry in El Paso, Texas, after a canine alerted to their vehicle.  A total of 46.5 pounds of marihuana wrapped in bundles was found hidden in the vehicle.  Torres's confession is sufficiently corroborated, and the evidence is sufficient to sustain his conviction on all four counts.  See United States v. DeVille, 278 F.3d 500, 506-07 (5th Cir. 2002); United States v. Delgado, 256 F.3d 264, 273-74 (5th Cir. 2001).

On the day that jury selection was scheduled to commence, Torres sought court permission for his court-appointed attorney to withdraw and for the substitution of retained counsel.  Although Torres originally contended that retained counsel was ready to proceed to trial, the record reflects that retained counsel sought a continuance.  Torres asserts that he was deprived of his Sixth Amendment right to counsel because his court-appointed counsel was inadequately prepared for trial.  Torres does not identify any shortcomings with respect to his representation at trial.

Although it denied the motion for substitution of counsel and for a continuance, the court stated that it would allow retained counsel to participate in the proceedings.  The court determined

2

that Torres had had sufficient time to request new counsel earlier if he had perceived a problem with his counsel's representation; that court-appointed counsel was competent to act as Torres's attorney; and that any delay would inconvenience the jurors called to service.  Under these circumstances, Torres has not shown that the district court abused its discretion in denying the motion to substitute counsel.  See United States v. Silva, 611 F.2d 78, 79 (5th Cir. 1980); United States v. Young, 482 F.2d 993, 995-96 (5th Cir. 1973).

AFFIRMED.