**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 2, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50572
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DAVILA-RODRIGUEZ,
also known as Richard Gonzalez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 3:05-CR-2743-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Davila-Rodriguez appeals his guilty-plea conviction of, and sentence for, attempted illegal reentry into the United States following removal. Davila-Rodriguez contends that the district court violated the Sixth Amendment by denying his request, the day before sentencing, for substitution of retained counsel for appointed counsel. We have reviewed the record and briefs and conclude that the court did not abuse its discretion by denying the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion.  See United States v. Norris, 780 F.2d 1207, 1211 (5th Cir. 1986); see also United States v. Silva, 611 F.2d 78, 79 (5th Cir. 1980).

Davila-Rodriguez also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that his 46-month term of imprisonment exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense of conviction.  He challenges the constitutionality of § 1326(b)'s treatment of felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Davila-Rodriguez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005); Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006).  Davila-Rodriguez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.