[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12465
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 7:09-cr-00272-SLB-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDRICK COLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 17, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Frederick Cole was charged with two counts of distributing crack cocaine,

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  The government later notified

Cole that it intended to seek an enhanced sentence, 21 U.S.C. § 851, based on Cole's prior felony drug convictions.

Cole agreed to plead guilty to both counts of the indictment without a written plea agreement. Before entering his plea, Cole signed a "Guilty Plea Advice of Rights Certification" in which he acknowledged that he understood his rights, the charges against him, and the consequences of pleading guilty. At the plea colloquy, the district court advised Cole of the rights he would forfeit by pleading guilty and informed him that he faced a ten-year mandatory minimum sentence for the first count of distributing crack and a mandatory term of life imprisonment on the second count. Cole again indicated that he understood. After confirming that Cole understood the charges against him and was satisfied with counsel, the district court reminded him that he could withdraw his plea before it was entered and go to trial. Cole then proceeded to plead guilty.

Two months later, Cole moved to withdraw his plea, arguing that his attorney convinced him to plead guilty and cooperate with the government. The district court denied the motion, finding that Cole had the benefit of counsel at the plea colloquy and had entered the plea knowingly and voluntarily and thus had not shown a "fair and just reason" to withdraw his plea.

The probation officer calculated Cole's guideline sentencing range but

noted that Cole faced a mandatory minimum sentence of life imprisonment on one count. At sentencing, Cole told the court that he wanted to fire his lawyer and alleged that counsel had misled him. The court rejected Cole's claim and declined to appoint new counsel.

The court then questioned whether Cole disputed his prior convictions that had enhanced his sentence. Cole replied, "I don't know nothing about no three prior felonies." The court advised Cole that there were only two prior offenses and described the offenses. Cole repeated that he did not recall them. United States Probation Officer Christie Stewart testified that she had obtained certified convictions from the Circuit Court of Tuscaloosa. The government introduced two documents, which Stewart then admitted were not certified copies, concerning Cole's 1998 marijuana-possession conviction and his 2002 drug-possession conviction. The district court admitted the documents over Cole's objection.

Based on the government's substantial-assistance motion, U.S.S.G. § 5K1.1, which permitted the court to disregard the mandatory-minimum sentence, the court sentenced Cole to concurrent 300 month terms of imprisonment. Cole now appeals, raising three arguments: (1) the district court abused its discretion in denying his letter motion to withdraw his guilty plea; (2) the court abused its discretion in denying his motion, made at the beginning of his sentencing hearing,

3

to fire his attorney; and (3) the district court clearly erred in finding that Cole had two prior felony drug convictions for purposes of a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). We address each in turn.

I.

We review a district court's denial of a motion to withdraw a guilty plea prior to sentencing for abuse of discretion. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). We will reverse the district court's decision only if it was arbitrary or unreasonable. *United States v. Najjar*, 283 F.3d 1306, 1307 (11th Cir. 2002).

The district court may permit a defendant to withdraw a guilty plea before the court imposes a sentence if the defendant "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The district court should examine the totality of the circumstances surrounding the plea when deciding whether a defendant has shown a "fair and just reason" for withdrawing his guilty plea, considering four factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988) (internal citation omitted). When

4

a defendant receives the close assistance of counsel and enters his plea knowingly, we have declined to give much weight to the other factors. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). A defendant who makes statements under oath at a plea colloquy bears a heavy burden to demonstrate that those statements were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Here, the district court found that Cole had the close assistance of counsel in entering his plea and that Cole entered his plea knowingly and voluntarily. Cole has not shown that his statements at the plea colloquy were false. Moreover, the court's findings regarding the other factors did not show that the denial of Cole's motion was an abuse of discretion.

## II.

When the district court conducts an inquiry into the merits of a criminal defendant's motion for new counsel, we review the district court's ruling for abuse of discretion. *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997).

The right to counsel of choice under the Sixth Amendment "is circumscribed in several important respects" and it "does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (quotations omitted). The right must be balanced

against the countervailing interests involving effective administration of the courts. *United States v. Koblitz*, 803 F.2d 1523, 1528 (11th Cir. 1986). Accordingly, "there is no absolute and unqualified right to counsel of choice, even where counsel is retained." *United States v. Silva*, 611 F.2d 78, 79 (5th Cir. 1980).[1]

To determine whether the district court abused its discretion in denying the motion, we consider (1) the timeliness of the motion, (2) the adequacy of the district court's inquiry into merits of the motion, and (3) "whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." *Calderon*, 127 F.3d at 1343 (citation omitted).

Here, all three of the *Calderon* factors show that the district court did not abuse its discretion in denying Cole's motion to fire his attorney at the beginning of the sentencing hearing, as the motion was not timely, the district court conducted an adequate inquiry into the merits of the motion, and to the extent any conflict existed, it did not result in a total lack of communication between Cole

---

[1] Decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

and his attorney that prevented an adequate defense. Accordingly, the district court did not abuse its discretion in denying Cole's motion.

III.

"We review for clear error the district court's factual findings related to the imposition of sentencing enhancements . . . ." *United States v. Robertson*, 493 F.3d 1322, 1329 (11th Cir. 2007) (quotations omitted). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1330 (quotations omitted).

Under 21 U.S.C. § 851(a), the government must file an information with the court and serve a copy on the defendant before the defendant can be sentenced to an increased punishment for having prior convictions. 21 U.S.C. § 851(a). If the defendant "denies any allegation of the information of prior conviction . . . he shall file a written response to the information." *Id.* § 851(c)(1). "Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." *Id.* § 851(c)(2); *United States v. Sanchez*, 138 F.3d 1410, 1416 (11th Cir. 1998). In addition, "[i]f the defendant files no response to the information, or if the court determines, after hearing, that

7

the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part." 21 U.S.C. § 851(d)(1).

Here, Cole's failure to respond to the information filed by the government resulted in a waiver of his ability to challenge the convictions described therein. Nothing in the record indicates that Cole filed a response to the government's information. Thus, pursuant to § 851(c)(2) and (d)(1), Cole waived his challenges to the convictions and cannot challenge his sentence by contending that the district court erred in finding that Cole had the convictions described in the information. Accordingly, we affirm Cole's conviction and sentences.

**AFFIRMED.**