# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2021

No. 20-10599
Summary Calendar

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Garza,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-374-1

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.

Per Curiam:*

Following a jury trial, Paul Garza was convicted of conspiracy to possess methamphetamine with the intent to distribute and possession of methamphetamine with the intent to distribute and was sentenced to 300 months of imprisonment. He now appeals.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Garza first argues that the district court abused its discretion in denying his motion for a continuance to substitute retained counsel for appointed counsel. He complains that the denial forced him to proceed to trial without counsel of his choice, in violation of the Sixth Amendment.

We review the denial of a motion for a continuance for an abuse of discretion that seriously prejudices the defendant. *See United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). The totality of the circumstances here, with consideration of fairness factors, demonstrates that the district court's denial of the motion for a continuance was neither arbitrary nor unreasonable. *See id.; see also United States v. Neba*, 901 F.3d 260, 265 (5th Cir. 2018). Significantly, Garza's request was not made until after voir dire was completed, he offered no reason for replacing counsel or for his delay, and he has not shown that he was seriously prejudiced by the denial of his request. *See Stalnaker*, 571 F.3d at 439; *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999); *see also United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006); *United States v. Silva*, 611 F.2d 78, 79 (5th Cir. 1980). He therefore fails to show an abuse of discretion on the district court's part. *See Stalnaker*, 571 F.3d at 439.

Next, Garza asserts that the district court erred in failing to require the Government to disclose the identity of its confidential source (CS) and that the admission of testimony about the CS violated his Sixth Amendment confrontation rights. Because he did not raise the issue in the district court, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Smith*, 822 F.3d 755, 761 (5th Cir. 2016); *United States v. Young*, 981 F.2d 180, 186-87 (5th Cir. 1992). Under the plain error standard, Garza must show an error that is clear or obvious and that affects his substantial rights. *See Puckett*, 556 U.S. at 135. If he makes such a showing, this court has the discretion to correct the error but only if it

seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Garza fails to demonstrate any clear or obvious error in connection with his Sixth Amendment claim because, although he complains globally about Special Agent Koenig's testimony referencing information provided by the CS, he points to no specific out-of-court testimonial statements by the CS that were improperly admitted at trial in violation of his confrontation rights. *See Puckett*, 556 U.S. at 135; *see also Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Because he fails to cite any authority in support of his claim that the district court should have sua sponte ordered the disclosure of the CS's identity, Garza similarly fails to show clear or obvious error in connection with the court's failure to do so. *See Puckett*, 556 U.S. at 135; *see also United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010). The claim fails for the additional reason that Garza makes no attempt to show that the district court's alleged error affected his substantial rights. *See Molina-Martinez v. United States*, --- U.S. ----, 136 S. Ct. 1338, 1343 (2016); *Puckett*, 556 U.S. at 135; *see also United States v. Reagan,* 596 F.3d 251, 254-55 (5th Cir. 2010).

For the first time on appeal, Garza also challenges the search of his bedroom as violative of the Fourth Amendment. Because he did not file a Federal Rule of Criminal Procedure 12(b)(3) motion to suppress in the district court, review of the claim is likewise limited to plain error. *See United States v. Vasquez*, 899 F.3d 363, 372-73 (5th Cir. 2018).

The record establishes that the officers' entry into and protective sweep of Garza's sister's home was valid both because they had a reasonable suspicion to believe the arrest warrant could be executed there and because the owner gave consent for them to enter. *See Maryland v. Buie*, 494 U.S. 325, 327, 334 (1990); *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

Because officers immediately observed evidence of drugs in plain view giving rise to probable cause for a search warrant, and because officers did not search the residence until the search warrant was obtained, there was no Fourth Amendment violation. *See Buie*, 494 U.S. at 327; *see also United States v. Waldrop,* 404 F.3d 365, 368 (5th Cir. 2005) (explaining plain view doctrine). Consequently, Garza fails to show that the admission of the evidence ultimately uncovered in his room was error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

Garza additionally complains that the district court erred in accepting the Presentence Report's drug-quantity finding and assessment of a two-level firearms enhancement, which he asserts were not supported by a preponderance of the evidence. However, because his argument "does not extend beyond [a] conclusory assertion," the sentencing challenges are deemed abandoned. *Garrido-Morato v. Gonzales*, 485 F.3d 319, 321 n.1 (5th Cir. 2007); *see also Nicholas Acoustics & Specialty Co. v. H & M Const. Co.*, 695 F.2d 839, 846-47 (5th Cir. 1983); Fed. R. App. P. 28(a)(8)(A).

Finally, Garza asserts that trial counsel was ineffective in numerous ways. He did not raise these claims before the district court, and the record does not provide sufficient detail to allow the court to assess counsel's effectiveness at this stage. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Accordingly, we decline to consider these claims without prejudice to their being raised in a 28 U.S.C. § 2255 motion. *See id.*

For the foregoing reasons, the district court's judgment is AFFIRMED.